[Civ. No. 6016. Third Appellate District.—November 23, 1938.]

ETHEL DAVIS, Respondent, v. L. O. GRAY et al., Appellants.

John B. Heinrich, Chester F. Gannon and M. C. Kerr, District Attorney, for Appellants.

McAllister & Johnson for Respondents.

THOMPSON, J.—The Trustees of Plumas County High School District have appealed from a judgment rendered against them in this *mandamus* proceeding, directing the reinstatement of Mrs. Ethel Davis as a permanent teacher in that school, she having been discharged after the discontinuance of the particular service she was performing, as provided by section 5.711 of the School Code, without first determining

that she is not competent to perform the services rendered by probationary teachers who were employed in the school.

It was determined by the trial court that the petitioner was entitled to preference over probationary teachers in that school as declared in the amendment to that section adopted in 1935 (Stats. 1935, p. 1885; Deering's Supp. to Codes of 1935, p. 1704), and that she was, therefore, wrongfully discharged, since the board disregarded the clear mandate of the law and failed to first determine whether or not she was competent to perform the services rendered by probationary teachers of the school.

The amended petition for a writ of *mandamus* alleges and the evidence discloses the following facts: Mrs. Ethel Davis was employed and served for thirteen years as a teacher in Plumas County High School District. She attained permanent tenure as a teacher in that school. In 1935 she was assigned to service as librarian in the study hall of the school at Portola. Prior to the expiration of the school year, she was notified on May 1, 1936, pursuant to section 5.711 of the School Code, that her position had been abolished and that her services were no longer required. She was thereupon discharged. She then demanded that she be reinstated as a permanent teacher, which was refused. There were then twenty-one probationary teachers employed in the school. The petition alleges that Mrs. Davis holds a life certificate and credentials entitling her to teach all subjects which are taught in the high schools of California, and that she was willing and competent to perform the services rendered by any of the probationary teachers who were employed in that school. The board failed to determine whether the petitioner was capable of performing the services rendered by the probationary teachers. A general demurrer to the amended petition was overruled, and the trustees filed an answer denying the material allegations thereof. The court adopted findings favorable to the petitioner on every essential issue, determining that she had attained permanent tenure as a teacher in that school; that she was ready, willing and competent to perform the services required of the probationary teachers of that school, and that the board of trustees wrongfully discharged her without attempting to ascertain or determine whether she was capable of performing the services rendered by the probationary teachers who were employed in

the school. A judgment was accordingly rendered directing the board of trustees to reinstate the petitioner as a permanent teacher and to assign to her the duties she is to perform. From that judgment the trustees have appealed.

The petitioner, who had acquired permanent tenure as a teacher in the Plumas County High School District, is entitled to preference over the probationary teachers therein, whose services she is capable of performing. If she is competent to perform the service rendered by any one of those probationary teachers, she is entitled to remain in that school as a permanent teacher and to be assigned to that employment. She has a conditional vested right to that preference. Section 5.711 of the School Code, as amended in 1935, reads as follows:

"Whenever it becomes necessary to decrease the number of permanent employees in a school district on account of the discontinuance of a particular kind of service in such district, the governing board may dismiss so many of such employees as may be necessary at the close of the school year. In making such dismissals, employees shall be dismissed in the inverse of the order in which they were employed.

"Provided, however, that no permanent employee may be dismissed under the provisions of this section while a probationary employee is retained or employed to render a service which such permanent employee is certificated and competent to render."

It seems clear from the language of the preceding section that in the discretion of a school board a particular kind of service may be dispensed with, and when that is done in good faith, permanent employees of the district may be dismissed when, on that account, their services are no longer required. But when such service is discontinued in a school where probationary teachers are employed, the permanent teacher may not be discharged if she is capable of performing the service rendered by any such probationary teacher. The permanent teacher thus is given preference over all probationary teachers whose particular service she is capable of performing. When a special service is discontinued it follows that it becomes the duty of the board, when probationary teachers are employed in the school, to ascertain and determine whether such probationary teachers, or any of them, are performing services which the permanent teacher is

capable of doing. If there are probationary teachers in the school so engaged, the permanent teacher is entitled to her job, and if the services of both are not required, then the probationary teacher must be discharged and not the permanent teacher. That procedure was not followed in the present case. It seems evident the board was not aware of the amendment to section 5.711 which was adopted in 1935. Since the petitioner was arbitrarily discharged, contrary to the mandate of the statute, without the board attempting to determine whether she was competent to perform the duties rendered by probationary teachers who were employed in, the school, the action of the board was illegal and void, and she was entitled to be reinstated as the trial court directed.

To arbitrarily deprive a teacher who has acquired permanent tenure, of her position, in conflict with the statute, without pretending to determine her competency to remain, and without notice and a hearing, is contrary to the spirit of the Teachers' Tenure Act and void. A teacher who has acquired permanent tenure has a vested right to her position in the absence of some disqualification as provided by the act, and she may not be deprived of that right except by due process of law. (*Gastineau* v. *Meyer,* 131 Cal. App. 611, 616 [22 Pac. (2d) 31].)

It is contended the petitioner may not be deprived of her permanent tenure in the Plumas County High School District, even under the provisions of section 5.711, without first preferring charges against her and serving her with notice of the hearing thereof pursuant to the procedure required by article II, division 5, part 3, sections 5.650 et seq. We think those sections are not applicable to the circumstances coming within section 5.711 of the School Code.

The purposes sought to be attained by sections 5.650 and 5.711 are entirely different. The first of these sections contemplates the dismissal of teachers after formal charges have been preferred and notices of hearings given for insubordination, moral unfitness and causes rendering the accused person unsuitable, unfit and detrimental to the welfare of the school. On the contrary, section 5.711 authorizes the discharge of a permanent teacher without regard to his credentials, or qualifications, provided it becomes necessary to reduce the number of teachers in the school on account of

the discontinuance of the particular department in which he is employed, if there are no probationary teachers in the school. Under such circumstances, when a position is abolished in good faith, and the number of teachers must, therefore, be reduced, and there are no probationary teachers in the school, the permanent teacher may be discharged without charges or previous notice. This is because of the necessity of the case, caused by conditions over which the trustees have no control.

A very different situation exists, however, when it becomes necessary to reduce the number of teachers in a school because a particular department in which a permanent teacher has been engaged is abolished in good faith, if probationary teachers who are employed in the school are engaged in work which the permanent teacher is competent to perform. In that event the probationary teacher should be discharged, and the permanent teacher must be retained. It follows that upon the discontinuance of a particular department, when there are probationary teachers engaged in the school, it becomes the absolute duty of the board to first determine whether the permanent teacher is competent to perform the duties of any such probationary teacher before he may be discharged. While it is not then necessary to prefer charges of incompetency against the permanent teacher, in the manner required by section 5.650, before the teacher may be declared to be incapable of performing the work of any of the probationary teachers, and therefore be discharged, reasonable notice and a hearing in which she may be afforded the opportunity to present evidence of her competency must first be given to her. Otherwise she would be deprived of a valuable vested right without due process of law. When a permanent teacher is competent to perform the service conducted by a probationary teacher, under the circumstances contemplated by section 5.711, the act specifically recognizes the absolute right of the permanent teacher to that particular job. After a teacher has acquired permanent tenure, the burden is on the board to show that she is not competent to perform the service of a probationary teacher, before she may be discharged.

On appeal it is contended the petition fails to state facts sufficient to warrant the issuing of a writ of *mandamus*

for the reason that it is merely alleged that "there are *at present* twenty-five probationary teachers employed in said district", and there is no specific allegation that probationary teachers were employed in the school on May 5, 1936, when the petitioner was discharged. We think there is no merit in this contention for the reason that the law requires the election of teachers "for the next ensuing year on or after the first day of May" of each year. We may assume, therefore, that if the probationary teachers were regularly employed in that school in November, 1936, they must have been serving as such throughout the school year from May 1st, and that they were, therefore, employed therein on May 5th when the petitioner was discharged. The demurrer to the petition was merely general. The uncertainty of the language of the petition in that regard was not challenged. Moreover, the cause was tried on the theory that the language was sufficiently stated in the petition. Mrs. Bar, the clerk of the school board, testified without objection that during the year preceding the time of the trial there were twenty-one probationary teachers employed in the school.

■ We are also of the opinion the petition sufficiently alleges as against a general demurrer that the petitioner was duly certificated and qualified as a permanent teacher in the Plumas County High School District. Paragraph II of the amended petition alleges in that regard:

"That at all of the times herein mentioned the petitioner was, and she still is, the holder of credentials and certificate as a high school teacher in all branches and grades, of high school instruction, and fully qualified as such; that as such teacher petitioner has been continuously employed by the Plumas County High School District as a teacher therein for thirteen years last past."

■ Finally, it is contended the trial court erred in refusing to permit the appellants to introduce evidence tending to show that the petitioner was incompetent to perform the duties assigned to the probationary teachers who were then employed in the school.

We are of the opinion the court properly excluded that evidence. It was the province and the duty of the school board and not that of the trial court to determine whether the petitioner was capable of performing the duties of the

probationary teachers who were then employed in the school before it was authorized to discharge her. If the board failed to perform that duty, the teacher was wrongfully discharged and she is entitled to be reinstated. Section 5.711 provides that "no permanent employee *may be dismissed* . . . while a probationary employee is retained or employed to render a service which such permanent employee is certificated and competent to render". It is apparent that the capability of a teacher to perform particular service in a school can best be determined, and should be decided, by the board of trustees, whose members must be presumed to have special knowledge of the needs of the school. Section 5.711 seems to impose that duty upon the board. Otherwise, the burden would be cast upon a permanent teacher who had been wrongfully discharged, to affirmatively prove that she was competent to perform the duties of a probationary teacher who is employed in the school, before she would be entitled to be reinstated. We think the burden is on the board to prove her incompetency before she may be lawfully discharged pursuant to section 5.711, under the circumstances of this case. The trial court, therefore, properly sustained the objections to the appellants' offer to prove petitioner's incompetency to perform the service engaged in by the probationary teachers.

The judgment is affirmed.

Pullen, P. J., and Steel, J., *pro tem.*, concurred.