[Civ. No. 33491. First Dist., Div. Two. Feb. 18, 1975.]

EDWARD FERNER, Plaintiff and Respondent, v.
HOWARD HARRIS et al., Defendants and Appellants.

## COUNSEL

William M. Siegel, County Counsel, and Paul J. Mason, Deputy County Counsel, for Defendants and Appellants.

LaCroix & Schumb and Joseph B. Schumb, Jr., for Plaintiff and Respondent.

## OPINION

**TAYLOR, P. J.**—This is an appeal by the Superintendent of Gavilan Joint Community College and the members of its board of trustees

(hereafter College) from a judgment granting respondent, E. Ferner's (hereafter teacher) petition for a writ of mandate, seeking classification and reemployment as a full-time employee. The College argues that at most, the teacher had tenure rights only to the extent of his part-time position, and, for the first time on appeal, maintains that the teacher was not entitled to tenure. We have concluded that the judgment should be affirmed.

The teacher's petition alleged the following pertinent facts: The teacher is a permanent certificated employee of the College. He was first employed by the College in school year 1967-1968 as a full-time certificated employee assigned to the aeronautical department and was also so employed for school years 1968-1969 and 1969-1970.

In the spring of 1970, the College notified the teacher that his services would no longer be needed and that he would not be reemployed for school year 1970-1971 because the portion of the aeronautical program to which he was then assigned was to be discontinued in 1970-1971. He requested and received an administrative hearing pursuant to Education Code sections 13443 and 13447.[1] The hearing officer found that it was not true that all of the services rendered by the teacher were to be discontinued and found that he should be reemployed on a 13/45ths basis. Pursuant to the hearing officer's findings, the teacher was reemployed for school year 1970-1971 on a 13/45ths basis and as a result of his reemployment for a fourth school year, became a tenured or permanent employee of the College.

---

[1]Section 13443, so far as pertinent, provides: "(a) On or before the 15th day of May in any year, the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year, provided that in no case shall such notice be given until after the requirements of this section have been met.

"(b) No later than March 15 and before an employee is given notice that his services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent of the district or his designee, or in the case of a district which has no superintendent by the clerk or secretary of the governing board, that it has been recommended that such notice be given to the employee, and stating the reasons therefor.

"(c) The employee may request a hearing before the governing board to determine if there is cause for not reemploying him for the ensuing year. A request for a hearing must be in writing and must be delivered to the person who sent the notice pursuant to subdivision (b), on or before a date specified therein, which shall not be less than seven days after the date on which the notice is served upon the employee. If an employee fails to request a hearing on or before the date specified, his failure to do so shall constitute his waiver of his right to a hearing. The notice provided for in subdivision (b) shall advise the employee of the provisions of this subdivision.

"(d) In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code and the governing

During the spring of 1971, the teacher was notified that the College was reducing services and that he would not be reemployed for school year 1971-1972, pursuant to Education Code sections 13443 and 13447. He was terminated at the end of the 1970-1971 school year.

During the summer of 1972, one of the two remaining certificated employees assigned to the aeronautical department resigned, leaving a full-time position vacant, for which the teacher is competent and certificated to fill.

Education Code section 13448 guarantees a preferred right of reemployment for a period of 39 months to any permanent employee who has been terminated because of a reduction in service and specifies that no probationary or other employee with less seniority shall be employed to render services that the certificated employee is competent to render.

board shall have all the power granted to an agency in the said Chapter 5, except that the respondent shall file his notice of defense, if any, within five days after service upon him of the accusation and he shall be notified of such five-day period for filing in the accusation. The hearing shall be commenced on or before April 15, and in the event the hearing is conducted by a hearing officer alone, he shall prepare the proposed decision and submit it to the governing board on or before May 1 of the year in which the proceeding is commenced. All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds. The board may adopt from time to time such rules and procedures not inconsistent with provisions of this section, as may be necessary to effectuate this section.

"(e) *The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only.* The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof. The decision made after the hearing shall be effective on May 15 of the year in which the proceeding is commenced." (Italics supplied.)

Section 13447, so far as pertinent, provides: "No permanent employee shall be deprived of his position for causes other than those specified in Sections 13313, 13327 and 13338, and Sections 13403 to 13441, inclusive, and no probationary employee shall be deprived of his position for cause other than as specified in Sections 13442 and 13443, except in accordance with the provisions of Section 13319 and Sections 13447 to 13452, inclusive.

"Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, or whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year, and when in the opinion of the governing board of said district it shall have become necessary by reason of either of such conditions to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, permanent as well as probationary, at the close of the school year; *provided, that the services of no permanent employee may be terminated under the provisions of this section while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render.*" (Italics supplied.)

The College advised the teacher that such a vacancy existed but refused to give him a full-time assignment and offered him only a 13/45ths assignment.

The teacher accepted his assignment under protest, objected to the part-time assignment, and sought the full-time assignment.

After the College refused to give the teacher the full-time assignment, he requested a hearing that was scheduled for October 10, 1972, but was canceled due to the illness of both counsel. Thereafter, the teacher was informed by counsel for the College that no hearing was necessary and that the College had refused to reclassify the teacher as full time.

The College demurred on grounds of failure to state a sufficient cause of action, and urged that the teacher had tenure rights only to the extent of his part-time position. The demurrer was overruled and the College, although given time to file a response, chose not to do so and the parties stipulated that the matter would be submitted on the petition.

The College first maintains that the teacher did not become a tenured employee, but remained a temporary one subject to dismissal at its pleasure pursuant to section 13446.[2] The College also argues in the alternative that, at most, the teacher was entitled to tenure only to the extent of his part-time position.

The applicable statutory provisions read as follows: Section 13304: *"Every employee of a school district* of any type or class having an average daily attendance of 250 or more *who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."* (Italics supplied.)

Section 13448 (so far as pertinent): *"Any permanent employee whose*

---

[2]"Governing boards of school districts may dismiss temporary employees requiring certification qualifications at the pleasure of the board. A temporary employee who is not dismissed during the first three school months, or in the case of migratory schools during the first four school months of the school term for which he was employed and who has not been classified as a permanent employee shall be deemed to have been classified as a probationary employee from the time his services as a temporary employee commenced." Pursuant to this section, temporary employees may be dismissed at the pleasure of the board. (*Hogsett* v. *Beverly Hills School Dist.* (1936) 11 Cal.App.2d 328 [53 P.2d 1009].)

*services have been terminated* as provided in Section 13447 *shall have the following rights:*

"1. For the period of 39 months from the date of such termination, any employee who in the meantime has not attained the age of 65 years shall have the preferred right to reappointment, in the order of original employment as determined by the board in accordance with the provisions of Sections 13252 to 13273, inclusive, if the number of employees is increased or the discontinued service is reestablished, with no requirements that were not imposed upon other employees who continued in service; *provided, that no probationary or other employee with less seniority shall be employed to render a service which said employee is certificated and competent to render.*" (Italics supplied.)

We have concluded that as to this first issue, we cannot improve upon the helpful and well-reasoned opinion of the court below, whose approach and language we have retained as closely as possible.

Although Education Code section 13304 is silent on the question, the case law has long sanctioned the creation of tenure limited to part-time teaching. Most recently in *Vittal* v. *Long Beach Unified Sch. Dist.*, 8 Cal.App.3d 112 [87 Cal.Rptr. 319], the court held at page 120 that "It was the apparent intent of the Legislature in enacting the 'tenure' statutes that teachers who have faithfully served the indicated portion of the school year for three consecutive years should be entitled to permanent classification upon their contracting to teach a fourth year." Also in accord are *Holbrook* v. *Board of Education*, 37 Cal.2d 316 [231 P.2d 853], and *Crawford* v. *Board of Education*, 20 Cal.App.2d 391 [67 P.2d 348].

The College contends that the teacher is, under authority of the above cases, tenured only as to 13/45ths of a full-time teaching position and, therefore, only entitled to a preference under Education Code section 13448 to such a part-time position. ■ Based on the above cases, it is true that he is tenured only as to 13/45ths of a full-time teaching position. The College, however, seeks to carry the part-time v. full-time *tenure* distinction over to section 13448's *preference* provision, thereby limiting the preference of a terminated employee with tenure vis-à-vis part-time employment to future *part-time* vacancies. We cannot agree with this contention for the following reasons.

■ First, *tenure* is basically a relation between the teacher and the school district, guaranteeing job security to the teacher. *Seniority* is basically a relation between teachers inter se, guaranteeing many

privileges, including but not limited to job security, to the "elder statesmen." Education Code section 13447 deals primarily with teacher-school district relationships, i.e., the right of the latter upon the advent of hard times to discharge the former. Education Code section 13448 likewise deals primarily with teacher-school district relationship, i.e., the right of the former to reemployment upon the termination of those hard times. Both sections deal with teacher-teacher relationships only secondarily, i.e., their provisions insure that termination and reemployment will be in conformance with seniority rights. The College here attempts to confuse the issue by presenting a hypothetical problem dealing with *seniority*. In the instant case, the teacher is tenured and thus within section 13448. No other terminated tenured teacher appears to be competing[3] for the vacancy, so there is no need of the secondary inquiry.

Furthermore, equity requires that the teacher be given the first opportunity at the existing vacancy. It must be assumed that he is competent to perform the job requirements, although the College hints at a sub-surface dissatisfaction on other grounds. If so, the College should not have allowed the teacher three years probationary teaching full time with no attempt to discharge for cause. The undisputed facts indicate that here the reduction to part time and subsequent termination were due only to economic necessity according to the record. If, in fact, the College has long been concerned about the teacher's competence, it could have declined to reelect him to a fourth year, thus preventing his acquisition of tenure, but it did not do so. Also, the teacher was forced to accept a part-time position. This forced acceptance is of little weight vis-à-vis the College that presumably was also forced into the situation, but it is of great weight vis-à-vis a newcomer teacher who did not suffer through the district's lean years.

The College benefits by our interpretation of section 13448 so as to give the teacher tenured as to part-time employment preference vis-à-vis a vacant full-time position. Few highly qualified new teachers, having just completed their probationary three years teaching full time, would be willing to accept a part-time position in their fourth year if it meant acquiring tenure for only *part-time* employment, *and* that also reemployment preference was likewise limited to *part time*. Thus, a teacher having finished a full-time probationary period, if confronted with budget cuts that necessitate acceptance of a part-time position, would not be too concerned about achieving only "part-time tenure" if he were assured

---

[3]The only reasonable inference from the pleadings, made by the court below and not controverted by the College, is that the person hired to take the balance of the duties of the full-time position had no previous employment with the district.

that in the event of further cuts necessitating termination he would be given a first option at a future full-time spot under Education Code section 13448. It would be otherwise if all he had to look forward to in the event of termination and reemployment was a preference to a part-time spot.

It also appears to us that the College is, in effect, asking for judicial aid in circumventing teachers' rights guaranteed by the tenure theory. Tenure is a device to secure a teacher's position. The College's suggested interpretation of section 13448 would, in effect, turn the shield of tenure into a sword for use against the teachers, while the cases[4] (*Crawford* and *Holbrook, supra*) recognize part-time tenure only for the benefit of teachers. This court will not apply the College's peculiar "part-time tenure" theory so as to play off tenured teachers, who have already taught in the district, against newly arriving ones, particularly in the "steady state" of the present-day economics of education and school financing.

■ The College, relying on *Ward* v. *Taggart*, 51 Cal.2d 736 [336 P.2d 534], next argues that since the question of the teacher's status is one of law, it is entitled to urge a new theory on appeal, namely, that he was not entitled to classification as a permanent employee. As indicated in the summary of the facts, the College chose not to file any responsive pleading but to submit the matter on the petition. Thus, all material issuable facts properly pleaded are admitted (*Woodroof* v. *Howes,* 88 Cal. 184 [26 P. 111]). The College, citing *Clement* v. *Dunn,* 114 Cal.App. 60 [299 P. 545], asserts that since the teacher's allegations of permanent status are conclusions of law, they are not properly pleaded "issuable facts" and, therefore, not waived by its failure to prosecute the demurrer (3 Witkin, Cal. Procedure (2d ed.) Pleading, §§ 272-274, pp. 1944-1947, and § 808, pp. 2418-2419).

The College's procedural contention is well taken. The attainment of tenure status is automatic once a teacher meets the statutory require-ments and requires no application by the teacher or affirmative action on the part of the school district (*Vittal* v. *Long Beach Unified Sch. Dist.,* 8

---

[4]We see no merit in the College's attempt to analogize the position of the teacher in the instant case to that of a substitute teacher. Section 13336.5 provides that substitute employees are deemed probationary employees and the teacher was admittedly never classified as a substitute or temporary employee. Section 13334 provides: "Governing .boards of school districts shall classify as probationary employees, those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees."

Cal.App.3d 112 [87 Cal.Rptr. 319]; *Abraham* v. *Sims,* 2 Cal.2d 698 [34 P.2d 790, 42 P.2d 1029]).

Accordingly, we turn to the College's contention that the teacher was not entitled to tenure. The College cites section 13337.5 (as amended by Stats. 1969, ch. 1127, § 1; Stats. 1970, ch. 579, § 1),[5] which provides: "Notwithstanding the provisions of Section 13337,[6] the governing board of a school district maintaining a community college may employ as a teacher in grade 13 or grade 14, for a complete school year but not less than a complete semester or quarter during a school year, any person holding appropriate certification documents, and may classify such person as a temporary employee. The employment of such persons shall be based upon the need for additional certificated employees for grades 13 and 14 during a particular semester or quarter because of the higher enrollment of students in those grades during that semester or quarter as compared to the other semester or quarter in the academic year, or because a certificated employee has been granted leave for a semester, quarter, or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board.

"Such employment may be pursuant to contract fixing a salary for the entire semester or quarter.

"No person shall be so employed by any one district for more than two semesters or quarters within any period of three consecutive years.

"Notwithstanding any other provision to the contrary, any person who is employed to teach adult or community college classes for not more than 60 percent of the hours per week considered a full-time assignment

[5]The amendments to this section by Statutes of 1970, chapter 102, section 178, are of no relevance here, as is true of Education Code section 13345 et seq. (added by Stats. 1971, ch. 1654, § 1) which did not become operative until September 1972 (after the events of the instant case).

[6]Section 13337: "Governing boards of school districts shall classify as temporary employees those persons requiring certification qualifications, other than substitute employees, who are employed to serve from day to day during the first three school months of any school term to teach temporary classes not to exist after the first three school months of any school term or to perform any other duties which do not last longer than the first three school months of any school term, or to teach in special day and evening classes for adults or in schools of migratory population for not more than four school months of any school term. If the classes or duties continue beyond the first three school months of any school term or four school months for special day and evening classes for adults, or schools for migratory populations, the certificated employee, unless a permanent employee, shall be classified as a probationary employee. The school year may be divided into not more than two school terms for the purposes of this section."

for permanent employees having comparable duties shall be classified as a temporary employee, and shall not become a probationary employee under the provisions of Section 13446."

 The College argues that the teacher is a temporary employee pursuant to the fourth paragraph of section 13337.5, quoted above. However, a reading of the entire section readily indicates that this provision does not apply to the teacher as he was not hired under the conditions set forth in its first paragraph. As his brief notes, this section merely grants a limited authority to school districts to employ and classify teachers as temporary under the three conditions of the first paragraph, namely, higher enrollment and vacancies created either by leaves of absence or long-term illnesses. As we have previously indicated, the teacher was not hired under any of these conditions. Further, the third paragraph of the section contains a built-in limitation to prevent a school district from employing and reemploying indefinitely a teacher as a temporary employee.

As we have indicated above, the teacher was properly classified as, and became, a tenured employee, and cannot be deprived of his rights pursuant to section 13448.

The judgment is affirmed.

Kane, J., and Rouse, J., concurred.

A petition for a rehearing was denied March 20, 1975.