[Civ. No. 55095. Second Dist., Div. Four. Aug. 29, 1979.]

CHERILYN WALDRON, Plaintiff and Appellant, v.
SULPHUR SPRINGS UNION SCHOOL DISTRICT,
Defendant and Appellant.

## COUNSEL

Richard Sommers, Larry R. Bernstein, Schwartz, Steinsapir, Dohrmann & Krepack and Howard M. Knee for Plaintiff and Appellant.

John H. Larson, County Counsel, and Leroy W. Blankenship, Deputy County Counsel, for Defendant and Appellant.

## OPINION

**KINGSLEY, Acting P. J.**—The school board appeals from a judgment granting a writ of mandate directing it to employ a teacher as a full-time teacher to the next vacancy in that position. The teacher has cross-appealed contending: (1) that she is entitled to immediate employment as a full-time teacher; and (2) that the trial court erroneously denied her attorney fees under section 800 of the Government Code. We conclude that the district is correct in its attack on the judgment; it follows that the teacher is not entitled to the even greater relief that she seeks on her cross-appeal.

Through the school years 1973-1974 to and including 1976-1977, petitioner was employed by the district as a permanent part-time teacher, with an assignment to .4 (i.e., 40 percent) service. In the spring of 1977, the district, acting under then section 44955 of the Education Code, gave to her a notice of layoff. After a hearing, she was reemployed but at a .2 (i.e., 20 percent) service status. Thereafter, effective September 1, 1977, the district reappointed her as a part-time teacher with an assignment to .4 service. On her petition for a writ of mandate, the trial court ordered

her to be employed as a full-time teacher to the vacancy next occurring. We conclude that that judgment was in error.

I

This case turns on the interpretation of subdivision 1 of section 44956 of the Education Code, which reads as follows: "For the period of 39 months from the date of such termination, any employee who in the meantime has not attained the age of 65 years shall have the preferred right to reappointment, in the order of original employment as determined by the board in accordance with the provisions of Sections 44831 to 44855, inclusive, if the number of employees is increased or the discontinued service is reestablished, with no requirements that were not imposed upon other employees who continued in service; provided, that no probationary or other employee with less seniority shall be employed to render a service which said employee is certificated and competent to render."

It is here conceded: (1) that the layoff action was valid under section 44955; and (2) that petitioner was entitled to at least the part-time assignment ultimately given to her in the fall of 1977. The dispute arises over the meaning to be given to the word "reemployment" in the statutory provision just quoted.

■ We agree with the district that the legislative intent, and the language of the statutes herein involved, was merely to give to a permanent teacher, validly laid off, if she applied within 39 months and the emergency causing the layoff had expired, to the same employment rights that she would have had if no layoff had intervened, but to no greater rights. To hold otherwise would give to a teacher who was laid off a priority that she would not have had if there had been no layoff. We cannot read the statute as conferring that bonus.

The teacher here relies on *Ferner* v. *Harris* (1975) 45 Cal.App.3d 363 [119 Cal.Rptr. 385], which construed the comparable statutory provisions relating to community colleges. However, that decision is of no help to petitioner. In *Ferner*, the teacher had held a full-time teaching position; he was reduced, under a statute similar to section 44955, to a 13/45th teaching status. When a full-time vacancy occurred, he sought, and was given, the right to reemployment in that full-time status. That decision comports exactly with the action of the district here. In *Ferner*, the

teacher, after the layoff need had expired, was returned to his prelayoff status; petitioner here. equally, has been restored to her prelayoff status.

Whether, if a vacancy in a full-time position should hereafter exist petitioner will be entitled to upgrading, is a matter falling under other sections of the Education Code. It is unnecessary, and inappropriate, in this proceeding, to determine rights of a speculative nature, turning on facts not here developed.

## II

The district also contends that the petition was defective in not joining eight other teachers layed off at the same time as her layoff. However, petitioner was the senior teacher in that group. The rights which she here asserts in no way impinged on the rights of her juniors.

The judgment is reversed on the appeal by the district; petitioner's cross-appeal is dismissed.

Jefferson (Bernard), J., and Alarcon, J., concurred.