[No. B001626. Second Dist., Div. Two. Sept. 14, 1984.]

IMOGENE FORKER, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF THE WHITTIER HIGH SCHOOL
DISTRICT, Defendant and Appellant.

14

COUNSEL

Reich, Adell & Crost and Glenn Rothner for Plaintiff and Appellant.

Eric Bathen for Defendant and Appellant.

OPINION

BEACH, J.—Appeal by the Board of Trustees of the Whittier Union High School District from a judgment for issuance of a writ of mandate to compel reinstatement of Imogene Forker as a school librarian. Affirmed.

BACKGROUND:

In September 1959 the Board of Trustees of the Whittier Union High School District (hereafter board) hired Imogene Forker as a school librarian. Forker acquired permanent status in September 1962.

A school district may terminate employees as a result of either a decline in average daily attendance or a reduction of a particular kind of service. (Ed. Code, § 44955.)[1] The district must give its employees an initial notice by March 15 (§ 44945) and final notice by May 15 (§ 44959).

Prior to March 15, 1981, the board notified Forker she would not be reemployed during the 1981-1982 school year, because of a proposed reduction in librarian services. At that time, the board had employed Forker as a librarian for 21 years. In August 1981 the school district reestablished the librarian services it had reduced earlier, but in a letter dated August 10, 1981, the district notified Forker she would not be rehired, because of her incompetence as a librarian. The notice was accompanied by a "Statement of Reasons" listing 73 instances, going back as far as 1977 and continuing through 1978, 1979, 1980 and 1981, in support of the board's claim that Forker was incompetent.

Following the board's denial of Forker's request for an evidentiary hearing, she petitioned the superior court for a writ of mandate compelling the board to reinstate her. The court found the board had abused its discretion, and granted the petition. The court ordered the board to reinstate Forker and to pay her attorney's fees of $1,500. The board appeals from the ensuing judgment, while Forker cross-appeals from that portion of the judgment limiting her recovery of attorney's fees to $1,500.

DISCUSSION:

1. *Board's Refusal to Reinstate Forker Because of Alleged Incompetence*

In her petition for writ of mandate, Forker alleged the board had violated section 44956 in refusing to rehire her as a librarian. Under that section, a laid-off permanent employee who has not attained the age of 65 years has a preferential right to reappointment based on seniority "if the number of employees is increased or the discontinued service is reestablished, *with no requirements that were not imposed upon other employees who continued in service*; provided, that no probationary or other employee with less seniority shall be employed to render a service which said employee is certificated and *competent* to render." (Italics added.)

---

[1] All further statutory references are to the Education Code, unless otherwise noted.

■ A permanent school employee who continues in service may be dismissed only for a cause specifically allowed by the Legislature. Incompetence is such a cause. (§ 44932, subd. (d).) In the case of dismissal for incompetence, the employee is entitled to written notice, and he or she then has 90 days to correct the faults and thus prevent discharge on the ground of incompetence. (§ 44938.) The employee also has the right to a hearing before a Commission on Professional Competence, with both parties having the right to discovery and the right to call and examine witnesses. (§ 44944.) The commission consists of three persons: one selected by the employee, one selected by the board, and a hearing officer. (§ 44944.)

■ Forker argued in the trial court, as she does on appeal, that in refusing to rehire her on the ground of incompetence the board effected her dismissal without affording her a hearing before the Commission on Professional Competence, a right possessed by permanent employees who continue in service, and in so doing the board subjected her to a requirement "not imposed upon other employees who continued in service." (§ 44956.) ■ Citing *Martin* v. *Kentfield School Dist.* (1983) 35 Cal.3d 294 [197 Cal.Rptr. 570, 673 P.2d 240], the board argues it had discretion under section 44956 to consider Forker's past work performance in deciding whether or not she was competent to be rehired. *Martin* involved a laid-off elementary teacher who applied for an open physical science teaching position at a middle school which was being offered to laid-off teachers. The position had earlier been offered to continuing employees but none applied. The school district listed prior middle school teaching experience as one of the hiring requirements. Although the elementary school teacher had the most seniority, she was denied the position because of insufficient academic preparation in the subject and her lack of middle school experience, and a teacher with less seniority who met the requirements was hired instead. The state Supreme Court held that although under section 44956 it was within the board's discretion to consider such criteria as prior academic preparation in the particular subject and prior experience teaching in a middle school to determine competence for the position, it was not within the board's discretion to require middle school experience from the laid-off teachers if such a requirement had not been imposed when the position was offered earlier to continuing employees. This factual determination could not be determined from the record and the matter was therefore remanded to resolve the factual issue. (*Id.* at pp. 297-301.)

We do not quarrel with the board's argument that section 44956 leaves it to a school board's discretion to determine whether in addition to possessing seniority the laid-off employee is also "certificated and competent" for the

vacant position so as to compel preferential hiring. (*Martin* v. *Kentfield School Dist.*, *supra,* 35 Cal.3d 294, 299-300; *King* v. *Berkeley Unified School Dist.* (1979) 89 Cal.App.3d 1016, 1023 [152 Cal.Rptr. 782].) We reject, however, the board's interpretation of the term "competent," as used in section 44956. Contrary to the board's assertion, there is no language in *Martin* equating 'competence, as used in section 44956, with the quality of work performance before the statutorily authorized lay-off, either as a result of a decline in average daily attendance or reduction of a particular kind of service. As interpreted by the *Martin* court, the term "competent" as used in section 44956 relates to specific skills or qualifications required of the applicant. Decisions prior to *Martin* have interpreted that term in a similar manner. (E.g., *Brough* v. *Governing Board* (1981) 118 Cal.App.3d 702, 714-715 [173 Cal.Rptr. 729] and *Moreland Teachers Assn.* v. *Kurze* (1980) 109 Cal.App.3d 648, 654-655 [167 Cal.Rptr. 343] [both upholding "bumping over" of senior employees by junior employees with superior skills]; *King* v. *Berkeley Unified School Dist.*, *supra,* 89 Cal.App.3d 1016, 1020-1023 [holding that academic background, training, credentials, and experience may be considered in selecting a junior employee over a senior employee].) It thus appears from the cases just cited that the courts have interpreted section 44956's use of the term "competent" as relating to special qualifications for a vacant position, rather than relating to the on-the-job performance of the laid-off permanent employee.

Section 44956 specifically provides that a validly laid-off employee retains his or her permanent status in the 39 months following the lay-off. ▮ In enacting this section, the Legislature intended to give such an employee the same employment rights he or she would have had if no lay-off had intervened. (*Waldron* v. *Sulphur Springs Union School Dist.* (1979) 96 Cal.App.3d 503, 505 [158 Cal.Rptr. 132].) Had Forker not been laid-off as a result of a cut-back in librarian service, she could have been dismissed for incompetence only after the board's compliance with the requirements of notice, 90-day period to correct the faults, and hearing on the charges. (§§ 44938, 44944.) ▮ In denying Forker's request for an evidentiary hearing on the charges of incompetence, to which she would have been statutorily entitled had she continued in service, the board in effect subjected her to a requirement "not imposed upon other employees who continued in service" (§ 44956), namely, that Forker disprove allegations of incompetence without the benefit of an evidentiary hearing pursuant to section 44932. In so doing, the board effectively circumvented the policy of protecting the employment rights of laid-off employees, which underlies section 44956. (See *Martin* v. *Kentfield School Dist.*, *supra,* 35 Cal.3d 294, 301.)

▮ Also, a permanent employee has a vested right to his or her position and may not be deprived thereof except by due process of law. (*Skelly* v.

*State Personnel Bd.* (1975) 15 Cal.3d 194, 206 [539 P.2d 774]; *Davis* v. *Gray* (1938) 29 Cal.App.2d 403, 407 [84 P.2d 534].) ▮ The board's denial of Forker's request for an evidentiary hearing was a violation of her right to due process of law.

▮ The board contends additionally that under the doctrine of laches Forker is not entitled to reinstatement because of her delay in filing suit. Implicit in the trial court's ruling ordering Forker reinstated is a finding that the action was not barred by the doctrine of laches. Forker filed suit against the board some six months after its refusal to reinstate her. The delay was caused by her financial inability to file the action immediately without financial assistance from the California Teachers Association (CTA).

The record shows that in August 1981, immediately after receiving the rejection letter from the board, Forker met with a CTA representative, who referred her to attorney Glenn Rothner. The latter suggested that she file suit and that, based on Forker's representation of her inability to finance such an action, she ask the CTA for financial assistance. Forker did so in September 1981. In that month, she also appeared before the board in an attempt to obtain an evidentiary hearing. At that time she told the board that if refused such a hearing she would file suit. In January 1982, the CTA authorized financial assistance to Forker. In early March 1982, attorney Rothner wrote the board that unless Forker was reinstated she would file suit. When the matter was not resolved, Forker filed suit in late March 1982.

▮ "The defense of laches requires unreasonable delay plus either acquiescence or prejudice to the party claiming or asserting the defense." (*Conti* v. *Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 359 [82 Cal.Rptr. 337, 461 P.2d 617].) ▮ Since the six-month delay was caused by Forker's financial inability to file suit immediately and since she did not acquiesce in the board's refusal to reinstate her, the defense of laches has no application in this case. (*Farmer* v. *City of Inglewood* (1982) 134 Cal.App.3d 130, 142 [185 Cal.Rptr. 9].)

2. *Attorney's Fees*

Forker's attorney, who specializes in labor law pertaining to public employees, requested attorney fees of $4,912.50 based on 39.3 hours spent researching, preparing and presenting this case, at an hourly rate of $125. The trial court awarded him $1,500 in attorney fees. On cross-appeal, Forker's attorney challenges the trial court's award and contends he was entitled to the full amount requested.

It is not clear from the record before us whether the trial court's award of $1,500 in attorney's fees was based on a finding by the court that this was a reasonable fee, or whether the court believed that it could not award more than the $1,500 maximum set forth in Government Code section 800. That section provides in pertinent part: "In any civil action to . . . review the . . . determination of any administrative proceeding . . . where it is shown that the . . . determination of such proceeding was the result of arbitrary or capricious action . . . the complainant if he prevails in the civil action may collect reasonable attorney's fees, but not to exceed one thousand five hundred dollars. . . ." ■ However, the section has been held inapplicable to certificated-employee dismissal proceedings by a school district. In the latter situation it is Education Code section 44944, subdivision (e), which governs the issue of attorney fees. (*Board of Education* v. *Commission on Professional Competence* (1980) 102 Cal.App.3d 555, 562-563 [162 Cal.Rptr. 590].) That section provides in relevant part: "If the governing board orders that the employee not be dismissed, the governing board shall pay all expenses of the hearing, including . . . *reasonable attorney fees* incurred by the employee." (Italics added.) ■ Although the section does not specifically refer to attorney's fees upon a judicial review of the administrative action dismissing the employee, the effect of the judicial decision is to void the administrative action. Thus, an award of attorney's fees is within the literal terms of the statute when the employee prevails and obtains a writ of mandate directing reinstatement. (*De Groat* v. *Newark Unified School Dist.* (1976) 62 Cal.App.3d 538, 542 [133 Cal.Rptr. 225].) The statute has also been held to apply to the appellate level. (*Russell* v. *Thermalito Union School Dist.* (1981) 115 Cal.App.3d 880, 884 [176 Cal.Rptr. 1]; *Board of Education* v. *Commission on Professional Competence, supra,* 102 Cal.App.3d 555, 566.) ■ The district is liable for the fees even if the employee did not personally incur them but the California Teachers' Association did. (*Russell* v. *Thermalito Union School Dist., supra,* at pp. 883-884; *Board of Education* v. *Commission on Professional Competence, supra,* at pp. 563-565.)

The matter is remanded to the trial court because it is not clear from the record whether the trial court based its award of $1,500 in attorney fees on a finding that this was a reasonable fee and the $4,912.50 fee requested was not, or whether the trial court erroneously believed that Government Code section 800 applied and no more than $1,500 could be awarded.

The judgment is affirmed. Forker to receive fees and costs on appeal. The matter is returned to the trial court solely for a determination of reasonable attorney fees incurred by Forker in the proceedings below and fees and costs incurred by her on appeal. (*Russell* v. *Thermalito Union School Dist.,*

*supra,* 115 Cal.App.3d 880, 884; *Board of Education* v. *Commission on Professional Competence, supra,* 102 Cal.App.3d 555, 566.)

Roth, P. J., and Compton, J., concurred.