[No. A041157. First Dist., Div. Three. Feb. 7, 1989.]

JOAN MURRAY, Plaintiff and Appellant, v.
SONOMA COUNTY OFFICE OF EDUCATION, Defendant and
Respondent.

.

**COUNSEL**

Gregory F. Jilka and Allison R. Pharis for Plaintiff and Appellant.

Robert J. Henry, Jacqueline M. Gong, Margaret M. Merchat and Susanne K. Reed for Defendant and Respondent.

**OPINION**

**WHITE, P. J.**—Joan Murray filed a petition for writ of mandate to compel respondent Sonoma County Office of Education to rehire her as a permanent part-time nurse serving the Gravenstein Union Elementary School District. She has appealed from the order denying the petition. We affirm.

## FACTS

Respondent Sonoma County Office of Education (hereafter Office of Education or respondent) is a public education facility whose primary purpose is to provide services for the school districts in Sonoma County. As part of its mandate, the Office of Education has at times provided nursing service to the Gravenstein Union School District one day each week.

Appellant is a 52-year-old school nurse. Since 1971 she has worked for the Gravenstein Union School District for three days each week, which is equivalent to a .60 full-time equivalent (FTE) position.

In 1981, appellant was hired by the Office of Education for a part-time one-day per week position. This job was considered a permanent .16 FTE position. Appellant's position with the Office of Education was in addition to and separate from her three-day per week job with the Gravenstein Union School District.

In 1981-1982 the Office of Education assigned appellant to the Monte Rio and Gravenstein School Districts, in 1982-1983 she was assigned to the Oak Grove Union School District, and from 1983 to 1985 she was assigned to the Gravenstein Union School District. Thus, from 1983 to 1985 appellant was employed as a nurse in the Gravenstein Union School District for four days per week; three of those days she was an employee of the school district, and the remaining day she was an employee of the Office of Education.

In 1985 appellant's part-time position with the Office of Education was discontinued because of budget considerations, and appellant's employment was consequently terminated in June of that year. The Office of Education offered appellant a full-time nursing position at that time, but she rejected it in order to keep her three-day per week job with the Gravenstein Union School District.

During the 1985-1986 school year the Office of Education did not provide a school nurse for the Gravenstein Union School District. However, appellant continued working at her three-day per week position with Gravenstein.

During the summer of 1986 a full-time nurse with the Office of Education retired. Appellant applied for this full-time position but was not hired. Instead, the Office of Education hired Judith Levy to fill the position. As part of her duties with the Office of Education, Ms. Levy provided school

nursing services to the Gravenstein School District on a one-day per week basis during the 1986-1987 school year.

After she learned that the Office of Education had again assigned a nurse to the Gravenstein Union School District for one day each week, appellant demanded through counsel that she be reinstated to her .16 FTE position under the authority of Education Code section 44956.[1] The Office of Education denied the request for reinstatement.

Based on these facts, the trial court concluded that appellant would have been entitled to reinstatement to a .16 FTE position for the 1986-1987 school year *if* such a position had been available. However, the court concluded that the Office of Education had no such part-time position available, and appellant could not force the Office of Education to divide a full-time position to create a .16 FTE position. Consequently, the court denied the petition for writ of mandate.

## DISCUSSION

 Appellant contends that under the authority of section 44956 she is entitled to reinstatement to a .16 FTE position with the Office of Education. We disagree.

In pertinent part, section 44956, subdivision (a) provides that "Any permanent[2] employee whose services have been terminated as provided by Section 44955 shall have the following rights: [¶] For the period of 39 months from the date of such termination, any employee who in the meantime has not attained the age of 65 years shall have the preferred right to reappointment, in the order of original employment . . . *if the number of employees is increased or the discontinued service is reestablished . . . .*" (Italics added.)

In pertinent part, section 44955 permits a governing board to terminate employees in a school district "whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year . . . ." (§ 44955, subd. (b).) Appellant's services were terminated pur-

---

[1] *Unless otherwise indicated, all further statutory references are to the Education Code.*

[2] Respondent points out that appellant's status as a probationary or permanent employee was never raised in the court below. In respondent's view, appellant is in fact a probationary employee since she never worked for the Office of Education for 75 percent of the number of days that school is in session (§§ 1296, 44908, 44915); consequently, respondent contends that appellant's reemployment rights are specified under section 44957, rather than section 44956. Nevertheless, respondent admits that both sections are identical with respect to the issues before this court. We therefore treat appellant as if she were a permanent employee, since this has no bearing on the issues decided in this case.

suant to section 44955. Specifically, the Sonoma County Board of Education terminated appellant because it reduced the nursing services offered by the Office of Education by a .56 FTE position.

## I.

Appellant first contends that under section 44956 she is entitled to be rehired as a part-time school nurse before an employee with less seniority may be hired to fill a full-time school nurse position. Appellant contends that the purpose of section 44956 is to "give [a laid-off] employee the same employment rights he or she would have had if no lay-off had intervened." (*Forker* v. *Board of Trustees* (1984) 160 Cal.App.3d 13, 19 [206 Cal.Rptr. 303].) She further contends, that, had she not been laid off, and "the reduction in nursing services and the retirement of the full time nurse had occurred simultaneously, there is no doubt that appellant would have been entitled to keep her part-time position while the new employee would have been reduced to a fractional position." (See § 44955, subd. (b).) Consequently, appellant concludes that under section 44956 she is entitled to her part-time position. We disagree.

■ First, the purpose of section 44956 is "to give to a permanent [employee] . . . the same employment rights that she would have had if no layoff had intervened, *but to no greater rights*." (*Waldron* v. *Sulphur Springs Union School Dist.* (1979) 96 Cal.App.3d 503, 505 [158 Cal.Rptr. 132], italics added.) Thus, when a part-time employee is laid off he or she is not entitled to a *full-time* position which subsequently opens up. Section 44956 only requires that the employee be returned to his or her "prelayoff" status. (*Id.*, at pp. 505-506.) ■ Moreover, in our view appellant did not have the right to force the Office of Education to divide the full-time position to accommodate her desire for a part-time position. (See *King* v. *Berkeley Unified School Dist.* (1979) 89 Cal.App.3d 1016, 1020-1021 [152 Cal.Rptr. 782].)

In any event, appellant's argument is premised on the conclusion that section 44956 applies to her case, and that she is thus entitled to be treated as if no lay-off intervened. As we explain below, appellant has failed to establish that she is entitled to the protection afforded by section 44956. Consequently, her first argument must fail with her second.

## II.

■, ■ As we understand it, appellant's second argument is based on the following reasoning: Section 44956 provides for a preferred right of reappointment when "the discontinued service is reestablished." The one-

day per week nursing service to Gravenstein was discontinued when appellant was laid off in 1985. However, this "service" was reestablished when Ms. Levy was hired in 1986 and was assigned to Gravenstein on a one-day per week basis. Since the "service" (one day a week nursing at Gravenstein) was reestablished, appellant is entitled to that position.

The resolution of this issue depends on how we define the "service" which was discontinued. Appellant contends that the "service" is the one day per week of nursing provided to the Gravenstein Union School District. Respondent, on the other hand, suggests that the "service" is the .16 FTE position which was discontinued but never reestablished. We believe that respondent's interpretation of "service" is more reasonable.

Appellant's .16 FTE position did not involve a promised assignment to Gravenstein or any particular school district. Indeed, during her four years as a part-time nurse with the Office of Education she was assigned to three different school districts. Consequently, the "service" appellant was employed to render was *not* one day a week of nursing to the Gravenstein Union School District; rather, it was one day per week of nursing to be used by the Office of Education as it saw fit. That "service" (one day a week of nursing to be used by the Office of Education) was discontinued but has not been reestablished. Instead, a full-time nurse has been assigned to cover the Gravenstein School District, a function formerly covered by the "service" appellant provided.

This interpretation is consistent with the resolution of the Sonoma County Board of Education reducing respondent's nursing services. The resolution provides that "this Board does hereby determine that particular kinds of services for the ensuing 1985-86 school year shall be reduced as follows: .56 F.T.E. Nursing Services." The resolution does not provide that services to any particular school district be terminated.

Since the "discontinued service" (her .16 FTE position) has not been reestablished, we conclude that appellant is not entitled to reemployment under section 44956.

The judgment (order denying petition for writ of mandate) is affirmed.

Merrill, J., and Strankman, J., concurred.