[Civ. No. 20966. Second Dist., Div. One. Sept. 13, 1955.]

TRIANGLE RANCH, INC. (a Corporation), Appellant, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

B. W. Kemper for Appellant.

L. A. Gibbons, Douglas C. Gregg, A. Andrew Hauk, Sheldon C. Houts and Frank P. Doherty for Respondent Union Oil Company.

Harold W. Kennedy, County Counsel (Los Angeles), and Edward H. Gaylord, Deputy County Counsel, for Respondents County Board of Supervisors and Regional Planning Commission.

WHITE, P. J.—This is an appeal by plaintiff from a judgment of dismissal entered following an order of the court sustaining defendants' demurrer to all three causes of action set forth in plaintiff's second amended complaint, without leave to amend the first cause of action and with leave to amend the second and third causes of action. Subsequent to said order, counsel for plaintiff wrote to defendants' attorneys in part as follows:

"In the above matter it has been decided not to further amend the complaint.

"Accordingly, we request that a judgment of dismissal be entered so that the matter may be reviewed by an appeal." Thereafter, counsel for defendants filed their affidavit setting

forth among other averments the foregoing declination of plaintiff to amend its complaint and requesting a dismissal thereof. Judgment was accordingly entered.

From an examination of the record herein we are satisfied that the factual background surrounding this litigation, the allegations of plaintiff's second amended complaint and the issues thereby raised are fairly and correctly epitomized in the memorandum opinion of the trial judge which has been brought up on this appeal. We therefore adopt as part of this opinion said summary with additional allegations obtained by us from the second amended complaint.

"Plaintiff, having sold and conveyed a portion of its land to defendant Union Oil Company, 'excepting therefrom all petroleum, coal,' etc., by grant deed dated December 30, 1949, subsequently entered into a written contract with its grantee on January 25, 1950, whereby among other things it consented and approved of Union Oil Company's 'exercise of its rights and privileges under (a certain grant to the oil company) to drill for, produce, take, store, handle, process, remove and ship oil, gas and other hydrocarbon substances' from the land conveyed and did thereby 'agree to join with, approve and endorse the action of First Party (Union Oil Co.) in any and all applications or petitions that First Party may file from time to time with the Regional Planning Commission of Los Angeles County or other governmental body for zoning exceptions and/or permission to conduct any such drilling and producing operations as First Party may deem necessary or convenient, upon said controlling drilling site.'

"Plaintiff alleges that during the negotiations for the property plaintiff knew of the exclusive residential character of plaintiff's property adjacent to the property sold to Union Oil Co., and that 'in order to preserve such exclusive residential character of said district,' 'a contemporaneous oral agreement was made' between plaintiff and said defendant in December, 1949, 'collateral to the aforesaid sale of said land and execution and delivery of said grant deed' which according to its terms as alleged, substantially limited the use of the drilling site. It is very significant that this oral agreement of December, 1949, is alleged to be collateral to the deed executed that month but is not even mentioned in the deed, much less in the formal written agreement of January 25, 1950, relating to defendant's right to drill for oil.

"In December, 1952, and February, 1953, the Regional Planning Commission held hearings on two applications by

Union Oil Co. for zoning exceptions which were later granted. Plaintiff appealed to the Board of Supervisors which allegedly refused to hear the appeals; at least, it is alleged, the Board gave plaintiff no opportunity to present its case orally. The Board affirmed the two decisions in May, 1953.''

It was also alleged by plaintiff that the area in which its property is located including the portion sold to defendant Union Oil Company was at the time of such sale of great value for exclusive residential and subdivision purposes, and was classified under the zoning ordinance as R-A-1 (residential-agricultural) by County Ordinance No. 5279, and in which zone oil wells were prohibited. However, section 526 of the ordinance provides that an exception may be granted permitting the drilling of an oil well if, (a) it appears probable that there is oil underneath the property under consideration or under adjacent property which oil cannot be otherwise extracted, and, (b) Such exception will not be materially detrimental to the public welfare nor to the property of other persons located in the vicinity thereof.

Quoting further from the trial judge's memorandum opinion, ''Plaintiff contends in substance that the action of the Planning Commission and the Board were unwarranted, oppressive and unreasonable interference with its property rights, and an unconstitutional impairment of its property rights under its alleged collateral agreement with Union Oil Co.; that their action was not a legitimate exercise of the police power and was 'inimical to due process of law'; and that there was 'a total lack of evidence to sustain said two orders' and that they are illegal and void.

''. . . The complaint alleges three causes of action. The prayer for relief reads: . . .

''(1) On the first cause of action, for declaratory relief against all and each of the defendants herein, declaring (a) that the evidence proffered by plaintiff in support of the collateral agreement was competent and essential to a proper determination of plaintiff's rights, and that the REGIONAL PLANNING COMMISSION erred in failing to receive and consider said testimony; (b) that the decisions and orders of the REGIONAL PLANNING COMMISSION and of the BOARD OF SUPERVISORS were unreasonable, oppressive, and same constituted an unwarranted interference with the property rights of the plaintiff and was tantamount to the taking of plaintiff's property without due compensation; (c) that plaintiff was entitled to a hearing before the BOARD OF SUPERVISORS on its

two appeals, and the denial thereof deprived plaintiff of a fair hearing within the concept of due process of law; (d) that there was a total lack of substantial evidence to support the aforesaid decisions and orders of the REGIONAL PLANNING COMMISSION and of the BOARD OF SUPERVISORS: (e) that plaintiff is entitled to a writ of mandate commanding and directing the REGIONAL PLANNING COMMISSION to grant plaintiff a full and complete hearing, and that this Court should by its judgment and decree order the vacation of the aforesaid orders of the REGIONAL PLANNING COMMISSION: (f) that plaintiff is entitled to a mandatory judgment directing and commanding the defendant UNION OIL to remove all the buildings constructed thereon and to comply with the collateral agreement; (g) that plaintiff is entitled to a prohibitory injunction restraining and enjoining the defendant UNION OIL from breaching said collateral agreement.

"(2) On the second cause of action, for a peremptory writ of mandate against the REGIONAL PLANNING COMMISSION and the BOARD OF SUPERVISORS as hereinabove stated.

"(3) On the third cause of action, for a permanent mandatory and prohibitory injunction against the UNION OIL COMPANY as hereinabove stated."

With reference to the foregoing oral agreement allegedly entered into with Union Oil Company contemporaneously with the execution and delivery of the grant deed, plaintiff alleged that the Union Oil Company expressly agreed:

"(a) To construct on the parcel conveyed to it not more than two tanks and one building.

"(b) That the wells on its land would not be visible to the public and to the prospective purchasers of the remainder of the tract retained by appellant;

"(c) To screen and cover its site and to make it parklike;

"(d) To carry on its operations on the land in a manner as not to destroy the residential character of appellant's land and not to interfere with the privacy and comfort of the present and prospective users of appellant's land;

"(e) To conduct its operations on said site in a manner as not to depreciate the residential market value of the property retained by the appellant."

It is also alleged that said oral agreement was breached by Union Oil Company in that:

"(a) It constructed on its land more than two tanks and three additional buildings and one sound barricade;

"(b) Its oil wells, pipe lines and equipment were visible

to the public; its site was not completely screened; it was not made parklike and did not have the appearance of a park;

"(c) It erected and placed on its site additional equipment consisting of weigh meters, pipe lines, sound screen, buildings, internal combustion engines; and its site was rendered incapable of being covered and screened from the public view;

"(d) It caused noises to be made that interfered with the privacy and comfort of the owners of the adjacent land;

"(e) It kept the site brightly illuminated at all hours of the night;

"(f) And the land retained by the appellant was thus converted into an industrial site and its value was greatly depreciated."

Appellant's claim is that the foregoing two applications made by defendant Union Oil Company to the Regional Planning Commission of Los Angeles County for zone exceptions and variances were for the purpose of effectuating the conversion of the property into an industrial area in violation of the aforesaid oral agreement, and the "implied easement" contained therein.

It is contended by appellant that the trial court was in error in its determination that an action for declaratory relief is not available or appropriate for the review of the *quasijudicial* order of the regional planning commission; that review of the action of the regional planning commission can be had only by writ of review or by mandamus proceedings pursuant to section 1094.5 of the Code of Civil Procedure, and that, in either case, the review is confined to the evidence before the commission. That appellant should either attach a transcript of the testimony considered by the regional planning commission or ask for an alternative writ commanding its production.

Appellant asserts that, "The complaint presents an actual factual and legal controversy and seeks a judicial declaration as to the validity of the challenged orders of the respondents Commission and Board. It states a cause of action for declaratory relief which cannot be challenged by demurrer." However, in the case of *Hostetter* v. *Alderson,* 38 Cal.2d 499, 500 [241 P.2d 230], our Supreme Court definitely held that, "An action for declaratory relief is not appropriate for review of an administrative order," and in *Livingston etc. Co.* v. *County of Los Angeles,* 43 Cal.2d 121, 129 [272 P.2d 4], it was held that, "Under all the circumstances, plaintiffs have an adequate remedy at law for review

of the planning commission's proceedings, and therefore they are not entitled to injunctive or declaratory relief. (Citing cases.)'' Appellant seeks to distinguish the last cited case as one which involved only the plaintiff therein and the county of Los Angeles, while in the instant case the controversy is between appellant and all of the respondents, including the Union Oil Company, but in both a writ of review (*Lee* v. *Small Claims Court,* 34. Cal.App.2d 1, 5 [92 P.2d 937]; *Greif* v. *Dullea,* 66 Cal.App.2d 986, 995 [153 P.2d 581]), and mandamus pursuant to section 1094.5 (*Greif* v. *Dullea, supra*), the Union Oil Company as real party in interest would be an indispensable party respondent and therefore, bound by the judgment. Appellant urges that in the Livingston case, *supra,* plaintiffs' right to declaratory relief was not challenged by demurrer as in the present case, but if that be true, it follows that if the holding was made in the absence of a demurrer, a similar ruling would be proper where the right to declaratory relief was challenged by demurrer. Contrary to appellant's contention, the court in the Livingston case did hold that whether or not plaintiffs' constitutional rights had been violated could *not* be determined except upon a review of the evidence introduced before the regional planning commission. The cases relied upon by appellant do not decide that declaratory relief may be utilized to review a *quasi-judicial* determination made after a public adjudicatory hearing. Nor, do the cases cited by appellant militate against what we have herein said. The case of *Bess* v. *Park,* 132 Cal.App.2d 49, 53 [281 P.2d 556], involved a judicial declaration of the validity of a quasi-legislative regulation adopted by a state agency in accordance with the Administrative Procedure Act. This act applies only to state agencies (Gov. Code, § 11373). The cited case did not seek a review of any *quasi-judicial* or adjudicatory administrative action, but concerned the refusal of the State Labor Commission to take any action. The case of *Chas. L. Harney, Inc.* v. *Contractors' State License Board,* 39 Cal.2d 561, 564 [247 P.2d 913], is to the same effect, holding as it does that plaintiff therein was entitled, under section 11440 of the Government Code, as interested party, to bring an action for declaratory relief to obtain a judicial declaration as to the validity of a rule promulgated by a state agency. *Jones* v. *Robertson,* 79 Cal. App.2d 813 [180 P.2d 929], was an action in declaratory relief to ascertain the meaning of the language of a zoning ordinance, and whether such language prohibited or permitted,

as of course, a real estate office in a residence district. *Beverly Oil Co.* v. *City of Los Angeles,* 40 Cal.2d 552 [254 P.2d 865], involved an action seeking declaratory relief and to enjoin the enforcement of (not to enforce) a zoning ordinance alleged to restrict and eventually terminate plaintiff's nonconforming use of land for oil production.

We therefore conclude that the trial court was correct in holding that the *quasi-judicial* action of the regional planning commission cannot be reviewed in a proceeding for declaratory relief.

Appellant's next contention that a writ of mandate (Code Civ. Proc., § 1085) is an appropriate remedy "if the court declared on the merits that appellant was entitled to relief" cannot be sustained. In *Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90 [280 P.2d 1], the petitioners, as in the case now engaging our attention, instituted an action in mandamus under section 1085 of the Code of Civil Procedure to compel a state agency to withdraw and cancel a permit granted to appropriate water from Bautista Creek. In the cited case, as in the case at bar, petitioners did not ask for a review of the evidence before the state board. The trial court sustained a demurrer on the ground that the complaint did not state a cause of action. For the reason that a review should have been sought pursuant to section 1094.5 and not section 1085 of the Code of Civil Procedure, the Supreme Court also held that the complaint did not state a cause of action, and at page 120 said: "Section 1094.5 of the Code of Civil Procedure specifies the procedure to be followed upon inquiry 'into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer'. . ." While the court held that leave to amend should have been granted, in the instant proceeding, appellant was granted leave to amend and declined so to do. All of appellant's contentions challenging the validity of proceedings had before and the action taken by the regional planning commission and the board of supervisors could be determined in an examination of the record either by a writ of review or mandamus pursuant to section 1094.5 of the Code of Civil Procedure.

Next appellant seems to contend that the granting of the exception to the Union Oil Company would affect the former's

vested property rights. ▮ In this contention appellant overlooks the fact that zoning regulations are not contracts made by the county and may therefore, be modified by the latter. ▮ Property is always held subject to the valid exercise of police power. ▮ As was said by this court in *Wheeler* v. *Gregg*, 90 Cal.App.2d 348, 365 [203 P.2d 37]: "The permit granted respondent Gregg does not restrict appellants in the use of their own property. And they have no vested right in the maintenance of restrictions on respondent Gregg's property. It may be true that to continue the zoning restrictions upon respondent Gregg's property might have conferred benefit on neighboring owners and enhanced the value of their property, but the existence of benefits does not generate interests protected by the Constitution against diminution by governmental authorities in the proper exercise of the police power. . . . The adoption of Zoning Ordinance No. 90500 gave appellants no vested rights which would prevent defendant city from subsequently amending the ordinance or granting a conditional use permit thereunder. ▮ The provisions of the ordinance restricting the uses to which respondent Gregg's property could be put did not result in a contract with appellants divesting the city of the right to subsequently change the ordinance or to grant a conditional use permit adversely affecting the property of appellants. (Citing cases.)" See also *Ottinger* v. *Arenal Realty Co.*, 257 N.Y. 371 [178 N.E. 665, 667]. ▮ A zoning ordinance does not vest in a property owner the right that the restrictions imposed by it upon his property or the property of others shall remain unaltered. Appellant's contention that "The residential-agricultural restrictions imposed by the zoning ordinance were not expressly excepted from the grant deed to the Union Company. The land purchased by the Union Company was subject to and burdened with these restrictions under the doctrine of implied easements or mutual servitudes and other equitable grounds," cannot be sustained. ▮ This claim, involving as it does, the theory of vested rights under an ordinance disregards the fact that rights granted by legislative action under the police power can be taken away when in the valid exercise of its legislative discretion, the legislative body sees fit. With reference to the alleged agreement between appellant and respondent Union Oil Company in connection with the deed to the latter, as pointed out by respondents, "The most that can be said is that there was an implied agreement that both parties to the sale would comply with all laws and

ordinances including the county zoning ordinances. On the part of the Union Oil Company this could have been no more than an agreement not to drill for oil so long as the property remained in Zone R-A unless permitted by an exception.

■ "Since the zoning ordinance, recognizing that one can drill for oil only where, or at least near, where the oil is (*Wheeler* v. *Gregg, supra,* 90 Cal.App.2d 348 at 365; *Lockard* v. *City of Los Angeles,* 33 Cal.2d 453 at 467 [202 P.2d 38, 7 A.L.R.2d 990], (certiorari denied, 337 U.S. 939 [69 S.Ct. 1516, 93 L.Ed. 1744])), expressly provides for the granting of an exception permitting drilling for oil . . ., neither an application for, nor the granting of such an exception was a violation of either the zoning ordinance or implied agreement."

The provisions of the county ordinance permitting exceptions met with approval in *Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267, 271 [148 P.2d 645], wherein the court said: ". . . As stated in *Thomas* v. *Board of Standards and Appeals,* 263 App.Div. 352 [33 N.Y.S.2d 219, 230], 'the variances permitted by the Zoning Resolution are in the nature of safety valves to prevent the oppressive operation of the Zoning Regulations in particular instances. . . . The history of all the litigation involving zoning regulations shows that to insure the validity of zoning plan for an entire municipality, the legislative body must vest in some subordinate body the power to grant variances in appropriate cases . . .' . . ." Manifestly, it could not reasonably be contended that had Union Oil Company persuaded the board of supervisors to amend or repeal the zoning ordinance, it would be liable to appellant for so doing. By the same reasoning it follows that no liability ensued from the action of Union Oil Company in obtaining an exception.

■ Appellant's contention that it is entitled to injunctive relief is answered by the rule of law that having an adequate remedy at law for review of the regional planning commission proceedings, appellant is not entitled to injunctive or declaratory relief (*North Side etc. Assn.* v. *Hillside etc. Park,* 70 Cal.App.2d 609, 615 [161 P.2d 618]; *Livingston Rock etc. Co.* v. *County of Los Angeles, supra,* p. 129).

■ The oral agreement heretofore set forth and in which it is alleged that Union Oil Company expressly agreed to carry on its operations in a manner as not to destroy the residential character of appellant's land by limiting the number and manner of operating its wells is not enforceable because it is within

the statute of frauds (Civ. Code, § 1091; Code Civ. Proc., §§ 1971, 1973; *Werner* v. *Graham*, 181 Cal. 174, 185 [183 P. 945]; *McBride* v. *Freeman*, 191 Cal. 152, 160 [215 P. 678]). As was said in *Werner* v. *Graham, supra,* p. 185: ". . . if the parties desire to create mutual rights in real property of the character of those claimed here they must say so, and must say it in the only place where it can be given legal effect, namely, in the written instruments exchanged between them which constitute the final expression of their understanding." Furthermore, the alleged oral agreement is directly contrary to the written agreement whereby appellant agreed to join with respondent Union Oil Company in applying for an exception ". . . to conduct any such drilling and producing operations as First Party (Union Oil Company) may deem necessary or convenient, . . ." The written contract reflects a complete understanding between the parties. There is nothing therein contained which indicates it was a mere memorandum of a previous oral agreement such as appears in the cases cited by appellant. ▆▆▆ And, as pointed out by respondents the claimed oral agreement cannot be sustained as collateral because, " '. . . To justify the admission of parol evidence on the ground that it is collateral, it must relate to a subject distinct from that to which the writing relates.' *Germain Fruit Co.* v. *J. K. Armsby Co.,* 153 Cal. 585 at 594 [96 P. 319]; *Ayers* v. *Southern Pac. Co.,* 173 Cal. 74 at 81 [159 P. 144, L.R.A. 1917F 949]."

For the foregoing reasons, the judgment is affirmed.

Drapeau, J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 9, 1955.