[Civ. No. 2958. Fifth Dist. May 25, 1977.]

LESLIE WELLBAUM, Plaintiff and Appellant, v.
OAKDALE JOINT UNION HIGH SCHOOL DISTRICT OF
STANISLAUS COUNTY et al., Defendants and Respondents.

94

---

**COUNSEL**

Litts, Mullen, Perovich, Sullivan & Newton and C. M. Sullivan, Jr., for Plaintiff and Appellant.

Gilbert W. Boyne, County Counsel, John F. Christensen, Senior Deputy County Counsel, Harry P. Drabkin and Carl O. Waggoner, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**BROWN (G. A.), P. J.**—Appellant was employed by respondent district as a probationary teacher, teaching foreign language classes at Oakdale Joint Union High School, during the school year 1973-1974. Due to a decline in enrollment in foreign language classes the school board took appropriate and timely action pursuant to Education Code sections[1] 13447 and 13443 to terminate appellant as an employee of the district. Appellant requested a hearing, after which the hearing officer concluded that no employee was being retained to teach the particular kind of service being reduced for which appellant was certified and that good cause existed for the termination. The hearing officer's recommendation and decision was adopted by the board of respondent district on April 29, 1974.

The next day, April 30, 1974, appellant received a revision of her credential adding certification to teach English. On May 1, appellant notified in writing the principal and each member of the school board of her additional certification in English and demanded that she be reinstated or rehired. These demands were frequently repeated, including an appearance by a representative of appellant before the board on May 13, 1974, at which time it was again brought to the board's attention that appellant was then certified to teach English. The board maintained that the appellant had no priority employment rights and took no further action on appellant's request. Appellant's term ended on June 30, 1974.

On June 6, 1974, at the final faculty luncheon, attended by the principal,[2] it was announced that two teachers would be leaving the English department, one due to retirement and the other due to resignation. In addition, a third English teacher was being terminated in the same fashion as appellant.

---

[1]References to code sections will be to the Education Code unless otherwise indicated.

[2]The record is silent as to whether any member of the board was present; however, respondent does not dispute that the board is charged with the knowledge of its principal regarding the anticipated vacancies and in its argument assumes that the board had knowledge of the potential vacancies well before June 30.

In the middle of July 1974, in response to the departures, the board formally determined that it would be necessary to hire an additional three English teachers. It conducted its usual advertising procedure. Appellant, along with others, submitted her application. Three teachers, including the previously terminated English teacher, all having less seniority than appellant, were hired on August 26, 1974. Appellant's application for employment was rejected.

■ Appellant contends that the fact the board became aware of the English openings for the following school year during the time she was still in the employ of the district entitled her, pursuant to section 13447, to reassignment to one of those positions based on her seniority. The respondent board argues that because the English teaching positions did not become available until the school year beginning after appellant's termination, the question is not one of retention rights under section 13447 but rather one of reemployment rights which on the date in question had not been granted to probationary employees.[3]

Before discussing the merits, it is necessary to dispose of a preliminary procedural issue raised by respondent. ■ The district contends that appellant's remedy is by way of writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5 rather than ordinary mandamus pursuant to Code of Civil Procedure section 1085. The contention lacks merit.

Appellant is not challenging the conduct or result of the administrative hearing held by the hearing officer and subsequent adoption of the resulting decision by the school board. If she were, administrative mandamus (Code Civ. Proc., § 1094.5) would indeed be the appropriate review vehicle. (*Temescal Water Co.* v. *Dept. Public Works* (1955) 44 Cal.2d 90, 106 [280 P.2d 1]; *Triangle Ranch, Inc.* v. *Union Oil Co.* (1955) 135 Cal.App.2d 428, 436 [287 P.2d 537]; Deering, Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § 3.2, p. 22.) Rather, appellant is urging that the board had an obligation, even after notifying her of its final decision to terminate her at the end of the 1973-1974 school year, to reassign her to any position which became available in the 1974-1975 school year prior to the effective date of the termination, June 30, 1974. The board refused to act upon appellant's demand for reassignment when faced with the foregoing contention and therefore refused to

---

[3]While there is no case law directly on point, the issue will not arise again because the Legislature has passed section 13448.5 specifically extending reemployment rights to probationary employees effective January 1, 1975.

exercise discretion or to perform a ministerial act, whichever may be the correct legal characterization of its duty. It follows that appellant's petition for a writ of ordinary mandamus pursuant to Code of Civil Procedure section 1085 is proper. (*Carmona* v. *Division of Industrial Safety* (1975) 13 Cal.3d 303, 309, fn. 4 [118 Cal.Rptr. 473, 530 P.2d 161]; *Munns* v. *Stenman* (1957) 152 Cal.App.2d 543, 557 [314 P.2d 67]; Deering, Cal. Administrative Mandamus, *supra,* § 3.2, p. 22; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 76, p. 3852.)

██ Returning to the substantive arguments, appellant relies upon the last paragraph of section 13447, the full text of which section is set forth in the margin.[4]

In *Krausen* v. *Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 402 [116 Cal.Rptr. 833] (hg. den.) the appellate court concluded that the final paragraph of section 13447 embodied a legislative intent to extend bumping and seniority rights to probationary employees, just as those rights are extended to permanent employees by the explicit language emphasized in the second paragraph of the material quoted in

---

[4]Section 13447 provides:

"No permanent employee shall be deprived of his position for causes other than those specified in Sections 13313, 13327 and 13338, and Sections 13403 to 13441, inclusive, and no probationary employee shall be deprived of his position for cause other than as specified in Sections 13442 and 13443, except in accordance with the provisions of Section 13319 and Sections 13447 to 13452, inclusive.

"Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, or whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year, and when in the opinion of the governing board of said district it shall have become necessary by reason of either of such conditions to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, permanent as well as probationary, at the close of the school year; *provided, that the services of no permanent employee may be terminated under the provisions of this section while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render.*

"Notice of such termination of services either for a reduction in attendance or reduction or discontinuance of a particular kind of service to take effect not later than the beginning of the following school year, shall be given before the 15th of May in the manner prescribed in Section 13443, and services of such employees shall be terminated in the inverse of the order in which they were employed, as determined by the board in accordance with the provisions of Sections 13262 and 13263 of this code. In the event that a permanent or probationary employee is not given the notices and a right to a hearing as provided for in Section 13443, he shall be deemed reemployed for the ensuing school year.

"*The board shall make assignments and reassignments in such a manner that employees shall be retained to render any service which their seniority and qualifications entitle them to render.*" (Italics added.)

footnote 4: "The provision upon which plaintiff relies is broadly worded and refers to 'employees' and not, as do preceding provisions of section 13447, merely to 'permanent employees.' The language used in the final paragraph of the statute is not ambiguous. It contains a mandatory directive to the board to determine whether any employee whose employment is to be terminated for a reduction in attendance or for a reduction in a particular type of service possessed the seniority and qualifications which would entitle him to be assigned to another position. It seems clear that the provision in question does confer seniority rights and bumping privileges upon probationary, as well as permanent, employees. The provision has been interpreted to mean 'that when a [particular] service is eliminated [or reduced] the holder of the position is not necessarily terminated, but is entitled to another assignment to which his seniority and qualifications entitle him.' (*Otto* v. *Davie* (1973) 34 Cal.App.3d 570, 575 [110 Cal.Rptr. 114].)" (See also *Gassman* v. *Governing Board* (1976) 18 Cal.3d 137, 144 [133 Cal.Rptr. 1, 554 P.2d 321].)

In approaching this problem it must first be recognized that appellant remained an employee of the district until June 30, 1974, and that by adoption of the hearing officer's findings and recommendations on April 29, 1974, it was determined only that the appellant could be discharged under section 13447 because there was a reduction in the particular kind of service which appellant was then certified to render, that is, teaching foreign language. Appellant became certified to teach English on April 30 and between that date and the termination of her employment on June 30 she was entitled to the protection contained in the last paragraph of section 13447.

Respondents' argument is narrow and technical. It urges that there was no vacancy in the English department until June 30, the effective date of the resignation, retirement and discharge forming the basis of the three vacancies. The argument continues that since there was no vacancy until that date, appellant's rights must be grounded solely on reemployment (which did not exist at that time) and not reassignment under section 13447. We do not take such a crabbed view of the statute.

Initially it is noted that there is a complete absence within the statute of any reference to "vacancies" or of a requirement that a position be "vacant" before it is subject to reassignment.

While it is true that technically there was no vacancy until June 30 (see § 13401), the argument mischaracterizes the perspective with which the board renders its employment determinations. The focus is not on the current school year but rather upon the ensuing school year.

For example, if there were a less senior employee performing a service for which the noticed employee is qualified, the board would be required by section 13447 to serve notice of termination upon the junior employee effective at the end of the current school year and reassign the previously noticed senior employee to that position for the ensuing school year. Thus, the board is mandated to prospectively open the junior employee's position by means of firing. The junior employee would not be terminated during the current school year and the assignment of the senior employee would be made effective at the commencement of the ensuing school year.

Likewise, where a teacher is unable to continue to teach, as in the case of death or disability, a substitute teacher is hired and the position does not become literally vacant until after the conclusion of the school year. In such event, an employee with seniority would not be reassigned to that position for the current school year but rather would be reassigned to that vacant position effective at the commencement of the ensuing school year.

It would appear that if respondents' position were to be accepted there scarcely would ever be a situation wherein the last paragraph of section 13447 would be applicable, since technically there is never a vacancy until the expiration of the term of the person who retires, resigns or is discharged. At that point, according to respondents, a more senior employee is asserting reemployment rights and not reassignment rights. Such an interpretation would substantially destroy the protection of the last paragraph of the statute and would encourage evasion of the protection afforded by reassignment, which could be accomplished simply by the board's refusing to accept resignations until after the close of the school year.

We hold therefore that the board's duty to reassign under the last paragraph of section 13447 arises when it becomes aware of voluntarily vacated positions for the ensuing school year and that the position does not as of that time have to be technically vacant. As of that date section 13447 mandates that the board fill the soon to be vacated position by reassigning the qualified noticed employee to that position for the

ensuing school year. Accordingly, the board acted improperly in refusing to reassign appellant to one of the three vacant English teaching positions which came to its attention in June 1974, prior to the effective date of appellant's termination.

Having disposed of the cause under section 13447, it is unnecessary to address other arguments advanced by appellant.

The judgment is reversed.

Gargano, J., and Hopper, J., concurred.