[Civ. No. 30682. Fourth Dist., Div. Three. Sept. 28, 1984.]

GEORGE P. TIELSCH, Plaintiff and Appellant, v.
CITY OF ANAHEIM et al., Defendants and Respondents.

COUNSEL

Banks, Leviton, Drass & Kelsey and Seth J. Kelsey for Plaintiff and Appellant.

William P. Hopkins, City Attorney, Robert O. Franks, Assistant City Attorney, and Louis L. Selby, Deputy City Attorney, for Defendants and Respondents.

OPINION

**CROSBY, J.**—George P. Tielsch appeals from the judgment denying his petition for peremptory writ of mandate to direct the City of Anaheim to either rescind the decision to assign him to a new position or grant him an administrative appeal of that determination.

I

Tielsch was appointed chief of police for the City of Anaheim in January 1979. As the result of health problems caused by work-related stress, he was placed on a salaried leave of absence in March 1982. On June 11, 1982, he applied to the Public Employees' Retirement System for disability retirement.

Pursuant to Government Code section 21024, the city was required to determine whether Tielsch was "incapacitated for the performance of duty." The Anaheim City Council delegated this responsibility to the city manager (Gov. Code, § 21034). He then issued administrative regulation

2.67 (A. R. 2.67) in order to establish a procedure for the city to determine the eligibility of local safety members for disability retirement.[1] As required by A. R. 2.67, the city manager appointed an independent hearing officer to take evidence and make findings and recommendations on Tielsch's application. The hearing was scheduled for January 20, 1983.

While Tielsch's retirement application was pending, the city created a new position, "Police Research Consultant," which commanded the same salary and benefits as the chief of police. The city unilaterally transferred Tielsch to this position on January 14, 1982, the week before his disability retirement hearing, but advised him not to report for duty in that capacity pending the final decision on his application. The hearing proceeded as scheduled, and on March 9, 1983, the hearing officer served his findings, conclusions and recommendation. He wrote, "1. GEORGE TIELSCH is mentally incapacitated from performing his usual and regular duties as Chief of Police. [¶] 2. George Tielsch is physically and mentally able to perform the usual and regular duties of Police Consultant. [¶] 3. That medical retirement be denied at this time." The Anaheim City Manager followed the hearing officer's recommendation and denied the application for disability retirement on March 23, 1983.

On February 17, 1983, after the retirement hearing but before the decision on his application for disability retirement had been made, Tielsch filed a verified petition for writ of mandate under Code of Civil Procedure section 1085.[2] The superior court denied the petition for a peremptory writ on April 4, 1983, because Tielsch failed to exhaust administrative remedies as to the issues not determined by the independent hearing officer and, as to the issues the officer did decide, proceeded under the wrong section to obtain judicial intervention, section 1085, as opposed to section 1094.5. This appeal followed.

While Tielsch acknowledges the court denied his petition "for reasons expressed in the . . . Minute Order and Tentative Ruling," he wholly fails to address these procedural issues on appeal, choosing instead to argue the merits of his petition. As explained below, we agree the court properly refused to reach the merits and affirm the judgment.

II

■ Tielsch maintains a petition under section 1085 was appropriate because he did not seek judicial review of the city's decision to reassign

---

[1]Although A. R. 2.67 was promulgated after he applied for disability retirement, Tielsch conceded in the verified petition for writ of mandate that his eligibility for disability retirement was governed by the provisions of that regulation.

[2]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

him to the consultant position, but an order either to compel the city to perform a ministerial act, i.e., grant his application for disability retirement, or correct an abuse of discretion, the job reassignment while his disability retirement application was pending. Not so.

■ Whether a petitioner must proceed under section 1094.5 to obtain judicial review of a local agency's action, or is entitled to petition under section 1085 depends on the type of action undertaken by the local agency: "Generally speaking, a legislative action is the formulation of a rule to be applied to all future cases, while an adjudicatory act involves the actual application of such a rule to a specific set of existing facts. [Citations.]" (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 35, fn. 2 [112 Cal.Rptr. 805, 520 P.2d 29].) The former may be reviewed by ordinary mandate (§ 1085), but "[t]he adjudicatory nature of the [local agency's] action *requires* that judicial review proceed pursuant to . . . section 1094.5." (*City of Rancho Palos Verdes* v. *City Council* (1976) 59 Cal.App.3d 869, 885 [129 Cal.Rptr. 173], italics added.) ■ The city's decision to reassign Tielsch and deny his application for disability retirement affected his employment and was clearly adjudicatory. Thus, Tielsch was required to petition for relief under section 1094.5, not section 1085. (*Ibid.*)

### III

■ Moreover, Tielsch failed to exhaust his administrative remedies before petitioning the superior court. The city has a grievance procedure to resolve personnel disputes which he failed to pursue. Exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the courts." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 293 [109 P.2d 942, 132 A.L.R. 715]; *Coalition for Student Action* v. *City of Fullerton* (1984) 153 Cal.App.3d 1194 [200 Cal.Rptr. 855].) The trial court properly determined it lacked jurisdiction to rule on the merits of Tielsch's petition.

### IV

■ One final argument raised by Tielsch deserves comment. Claiming a vested right to either the title of police chief or a disability retirement, Tielsch insists Government Code section 3300 et seq. imposed a ministerial duty on the city to provide a *Skelly* hearing to review his transfer to the research consultant position. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]; *White* v. *County of Sacramento* (1982) 31 Cal.3d 676 [183 Cal.Rptr. 520, 646 P.2d 191].) Not so.

First, there is nothing in the record to indicate Tielsch ever requested a *Skelly* hearing. In any event, a transfer "is 'disciplinary' in nature only if

imposed 'for purposes of punishment.'" (*Id.*, at p. 683.) It cannot seriously be suggested the transfer here was designed to punish Tielsch: He admittedly was no longer able to perform the duties of police chief and the position created for him commanded the same salary and benefits. Similarly, it is clear Tielsch did not have a vested right to a disability retirement. (Gov. Code, § 21024; see also *Winslow* v. *City of Pasadena* (1983) 34 Cal.3d 66 [192 Cal.Rptr. 629, 665 P.2d 1].)

Judgment affirmed. Respondent is entitled to costs on appeal.

Wallin, Acting P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied October 16, 1984, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1984. Bird, C. J., was of the opinion that the petition should be granted.