[No. A026245. First Dist., Div. One. Feb. 24, 1986.]

MARILYN VASSALLO, Plaintiff and Appellant, v.
LLOYD M. LOWREY, JR., et al., Defendants and Respondents.

COUNSEL

Herb Schwartz for Plaintiff and Appellant.

Paul R. De Lay, Carmela M. Bowns and De Lay, Laredo & McGowan for Defendants and Respondents.

OPINION

**HOLMDAHL, J.**—A laid-off community college biology instructor appeals from a judgment denying her petitions to compel partial reinstatement as a biology teacher and issuance of a credential for teaching other subjects.

The judgment is affirmed.

*Statement of Facts*

In 1973, Hartnell Community College District (hereafter, District) hired appellant Marilyn Vassallo, Ph.D., as a full-time biology instructor. In ear-

ly 1983, facing declining enrollment and a shrinking budget, District decided to cut a certain number of positions from 20 departments in the following year. Thereafter, District notified 23 employees that their positions would be reduced or eliminated. Appellant's full-time position in the biology department was completely eliminated.

Appellant has a credential to teach only biology. On March 15, 1983, she applied for "limited service credentials" (Cal. Admin. Code, tit. 5, § 52250 et seq.; Ed. Code, § 87292) that would qualify her to teach mathematics and chemistry.

District has standards for determining whether limited credential applicants are competent to teach in a specified subject area. For chemistry teachers, District requires 24 units of college chemistry. Appellant had only 12 units. Similarly, mathematics teachers must have majored in mathematics. Appellant had only a single college course in mathematics. Since she did not meet the academic requirements, and had no experience teaching mathematics or chemistry, District refused her request for a limited service credential.

After District notified appellant of her termination, she requested an administrative hearing. The administrative law judge rejected her claim that she had any seniority over her colleague Bette Nybakken, Ph.D., and ruled that her credential application was late. District adopted the decision of the administrative law judge and laid appellant off.

### Procedural History

Appellant filed a petition for a writ of administrative mandamus, seeking reinstatement to 40 percent of a full-time position teaching biology. (Code Civ. Proc., § 1094.5.)[1] She also petitioned for a writ of traditional mandamus, directing District to help her obtain limited mathematics and chemistry credentials. (Code Civ. Proc., § 1086.) The trial court denied both petitions, as well as appellant's request for attorney's fees. (Gov. Code, § 800.) She appeals from the denial of both petitions, and renews her request for attorney's fees.

### Seniority of Appellant's Position

Appellant contends that she is senior to her colleague Dr. Nybakken with respect to 40 percent of a full-time position. Dr. Nybakken was given

---

[1]Appellant's petition names Lloyd W. Lowrey, Jr., and seven other respondents as members of District's board of trustees. District, as such, was not named as a party.

60 percent of a full-time equivalent (hereafter, FTE) position in 1969. Appellant began a full-time position (1.0 FTE) in 1973. In 1982, Dr. Nybakken was hired for an additional .4 FTE, giving her a full-time position (1.0 FTE). By appellant's calculation, she has held the last 40 percent of her position longer than Dr. Nybakken has held the last 40 percent of the latter's 1.0 FTE.

According to appellant, to eliminate 1.0 FTE while respecting seniority rights, District should reduce Dr. Nybakken's job by .4 FTE and appellant's job by .6 FTE. Her argument is grounded on her views on educational policy and the "spirit" of the Education Code, especially section 87743.[2]

██ ██ ██ ██ ██  Section 87743 provides that, when enrollment declines, community college districts may discharge a corresponding percentage of tenured and contract employees.[3] The statute specifically protects tenure rights and seniority. Layoffs must begin with the most recently hired. Furthermore, tenured employees who are competent and properly credentialed must be reassigned to replace junior employees. Thus, section 87743 gives "bumping privileges" to qualified, senior employees, even if their specific post has been eliminated. (See *Krausen* v. *Solano County Junior College Dist.*, *supra*, 42 Cal.App.3d 394, 402.) As an addition or alternative to appellant's seniority claim, she also hints that she is different from Dr. Nybakken in terms of tenure: She has tenure to a 1.0 FTE position, while the latter has tenure to .6 FTE and is a contract employee for .4 FTE. Appellant cites *Ferner* v. *Harris* (1975) 45 Cal.App.3d 363 [119 Cal.Rptr. 385] as authority for recognizing and giving preference to partial tenure. The case is inapposite, however, since no seniority issue or comparison of employees was involved.[4]

██  District argues that under section 87414, a certificated employee has one date for purposes of seniority. District cites an administrative law decision reaching this conclusion under section 44845, the equivalent to

---

[2]Hereafter, all statutory references are to the Education Code.

[3]The Education Code recognizes three types of certificated employees: temporary, contract, and regular. (§ 87400 et seq.) Temporary employees have no vested rights. "Contract" employees begin to earn seniority. (*Krausen* v. *Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 403 [116 Cal.Rptr. 833].) They have probationary tenure-track positions. Finally, after two years, a contract employee can become "regular," i.e. "permanent," or tenured, if the district extends his or her contract (§ 87609.).

[4]In *Ferner* the question was whether a partially tenured teacher, laid off after program cuts, had statutory reassignment rights to a full-time vacancy that opened the next year. The district offered the teacher a fraction of the position, but the Court of Appeal held that the teacher's tenure gave him a right to the entire position. The court emphasized that the case involved one teacher and his tenure relationship to the district, not seniority relationships between teachers. (*Ferner* v. *Harris*, *supra*, 45 Cal.App.3d at pp. 368-369.)

87414, but governing elementary teacher seniority. Section 87414 provides, in part, "Every contract or regular employee employed after June 30, 1947, shall be deemed to have been employed on the date upon which he first rendered paid service in a probationary or contract position." Thus, Dr. Nybakken, who was hired first, was senior to appellant. District contends that seniority, not tenure, must govern staff reductions and reappointments, citing *Lacy* v. *Richmond Unified Sch. Dist.* (1975) 13 Cal.3d 469, 475 [119 Cal.Rptr. 1, 530 P.2d 1377].) In *Lacy,* the court held that the system of layoffs and reassignments set out in sections 87743 and 87744 (then numbered §§ 13447 and 13448) does not incorporate the provisions of the tenure statutes. Layoffs and reassignments depend on seniority and qualifications. (*Lacy* v. *Richmond Unified Sch. Dist., supra,* 13 Cal.3d at p. 475.)

The trial court concluded that appellant's proposed theory of "split seniority has equitable appeal," but that section 87414 only provides for a single date for seniority, since if "the [L]egislature intended to provide for seniority in different categories, it would presumably have so stated."

While this appeal depends upon statutory interpretation and, hence, this court may decide such a pure question of law without deference to the trial court's ruling (see *Goddard* v. *South Bay Union High School Dist.* (1978) 79 Cal.App.3d 98, 105 [144 Cal.Rptr. 701]), we concur in both the reasoning and conclusion of the trial court. The Education Code does not offer a basis for appellant's "split seniority" analysis. Section 87414 clearly establishes a single date for purposes of seniority. Section 87743 protects seniority and tenure rights by incorporating section 87414 without change. Only a legislative amendment to section 87743 can establish the seniority system that appellant advocates. We decline her invitation to complexify further the Education Code.

### *Limited Service Credential*

A limited service credential is an alternative to the full instructor's credential (Cal. Admin. Code, tit. 5, § 52080) that allows the holder to teach up to 40 percent of a full-time assignment and is further limited as to duration, subject, and location. (Cal. Admin. Code, tit. 5, § 52250 et seq.) Issuance of a limited credential gives community college districts flexibility when they need or want to hire an otherwise uncredentialed person. There are several bases for issuing the credential, one of which gives the college a measure of discretion. (Cal. Admin. Code, tit. 5, § 52255, subd. (c)(2).) A district may decide to hire an uncredentialed but otherwise qualified person, and apply to the Board of Governors of the California Community Colleges on behalf of that person for a limited credential. (§ 87250 et seq.)

■ Appellant contends that she is qualified to teach mathematics and chemistry. Therefore, District has a duty to reassign her "to render any service which [her] seniority and qualifications entitle [her] to render." (§ 87743; *Krausen* v. *Solano County Junior College Dist.*, *supra*, 42 Cal.App.3d 394, 402.) Since appellant would need a new credential to teach anything outside of biology, she argues District's duty under section 87743 includes helping her obtain a "limited service credential." The duty is mandatory, she argues, and leaves no room for discretion or comparison of her academic qualifications to those of others. (See *Martin* v. *Kentfield School Dist.* (1983) 35 Cal.3d 294, 299 [197 Cal.Rptr. 570, 673 P.2d 240].) Appellant asserts that her application for the limited credential was timely.

No authority supports appellant's contention that the seniority system relates to the credentialing process. We must analyze the denial of appellant's application separately from her seniority and tenure claims, discussed previously. (Cf. *Taylor* v. *Board of Trustees* (1984) 36 Cal.3d 500 [204 Cal.Rptr. 711, 683 P.2d 710] ["automatic" reemployment under § 44918 nevertheless requires credential].)

District contends that the California Administrative Code provisions relating to limited service credentials and cases interpreting reemployment rights of laid-off teachers accord it discretion to set standards of competence. (Cal. Admin. Code, tit. 5, §§ 52000, subd. (b), 52255, subd. (c)(2); see *King* v. *Berkeley Unified School Dist.* (1979) 89 Cal.App.3d 1016, 1023 [152 Cal.Rptr. 782].) District asserts that appellant does not meet its standards. District also asserts that her application was late.

Appellant's claim that her application was timely rests on *Wellbaum* v. *Oakdale Joint Union High School Dist.* (1977) 70 Cal.App.3d 93 [138 Cal.Rptr. 553]. In *Wellbaum* a foreign language teacher was given proper notice on April 29, 1974, that the district had formally decided to lay her off. The next day she received a credential to teach English. The teacher was still employed until June 30. In early June, three English teaching vacancies opened. The Court of Appeal held that section 13447 (now 87743) mandated the teacher's reassignment to one of the vacancies. No "bumping" or layoffs were necessary.

We agree with the administrative law judge, the trial court, and District, however, that appellant's application was too late. (See *Campbell Elementary Teachers Assn., Inc.* v. *Abbott* (1978) 76 Cal.App.3d 796, 814-815 [143 Cal.Rptr. 281].) In *Campbell* a certified counselor was laid off. The counselor also had a teaching credential that would have entitled her to be reassigned as a teacher, but it was not recorded with the county board of education in time for the school district to consider it. Section 87740, sub-

division (a), requires community college districts to send all termination notices by March 15 of the preceding academic year. Since such districts cannot add to the layoff list after March 15, sometime before that date such districts must consider the seniority and credentials of all employees to be laid off, reassigned, or "bumped." Thus, credentials recorded after March 15 cannot be used by a teacher to assert bumping or reassignment rights. (*Campbell Elementary Teachers Assn., Inc.* v. *Abbott, supra,* 76 Cal.App.3d at p. 815.)

In appellant's situation, her reassignment to a mathematics or chemistry position would necessitate layoffs. Therefore, *Campbell,* not *Wellbaum,* applies. Since appellant *applied* for a credential on March 15, there was no possibility that she would receive and record a credential in time for District to send out termination notices. Therefore, the application was late, and did not have to be considered.[5]

Since appellant's application was untimely, we do not review District's alternate justification for denying her application, based on academic standards it has developed.

### Request for Attorney's Fees

We deny appellant's request for attorney's fees pursuant to Government Code section 800, since we have concluded that District did not act arbitrarily or capriciously.

The judgment denying appellant's application for writs of administrative and traditional mandamus is affirmed.

Racanelli, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied March 14, 1986. Appellant's petition for review by the Supreme Court was denied May 21, 1986.

---

[5]No apparent reason prevents appellant from reapplying. Her qualifications, possibly along with those of other applicants, would then be determined, and without regard to her seniority as a biology instructor.