Filed 4/16/14  Gallagher v. County of Ventura Risk Management CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DONALD GALLAGHER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF VENTURA/RISK MANAGEMENT,ET AL,<br><br>    Defendants and Respondents. | 2d Civil No. B247342<br>(Super. Ct. No. 56-2011-00396583-CU-WM-VTA)<br>(Ventura County) |

Donald A. Gallagher appeals from the judgment of dismissal entered in favor of respondents County of Ventura Risk Management (County) and the Ventura County Employees' Retirement Association (Association).  The dismissal was ordered after the trial court sustained, without leave to amend, respondents' demurrers to appellant's petition for a writ of administrative mandate (Code Civ. Proc., § 1094.5)[1] or, in the alternative, a traditional writ of mandate (§ 1085).  Appellant contends that the trial court erroneously determined that the petition for administrative mandate was barred by a 90-day statute of limitations and that he was not entitled to petition for a traditional writ of mandate.  We affirm.

---

[1] Unless otherwise specified, all statutory references are to the Code of Civil Procedure.

*Factual and Procedural Background*

Appellant was employed by Ventura County from 1986 until April 2005, when he was terminated. In May 2006 he applied for a disability retirement with Association's Board of Retirement (Board). As required by the Board's "Disability Hearing Procedures," an evidentiary hearing was conducted before a hearing officer, James Crary. He recommended that appellant be granted a disability retirement.

In March 2009 the Board directed Hearing Officer Crary to consider new evidence and issue a supplemental report. Before the report was prepared, Crary died. The Board appointed Hearing Officer Richard Anthony to independently review the record and determine whether appellant was entitled to a disability retirement. In May 2010 Anthony recommended that appellant's application for a disability retirement be denied. The Board adopted Anthony's recommendation. Appellant filed a petition for reconsideration. On February 7, 2011, the Board denied the petition and its decision became final. (§ 1094.6, subd. (b) ["if reconsideration is sought . . . the decision is final for purposes of this section on the date that reconsideration is rejected".])

On May 9, 2011, the 90th day after the denial of his petition for reconsideration, appellant filed a petition for either a writ of administrative mandate (§ 1094.5) or a traditional writ of mandate (§ 1085). The petition named County as the defendant and respondent. County demurred on the ground that the petition failed to name Association, the real party in interest.

In support of its demurrer, County cited *Preciado v. County of Ventura* (1982) 143 Cal.App.3d 783. There, the court noted that Association "is separate and distinct from the county. [Citations.]" (**Id**., at p. 788.) Thus, "the retirement board and the county are . . . not in privity. [Citation.]" (**Id**., at p. 789, fn. 3.) The *Preciado* court concluded that, because only the County of Ventura had been a party to a previous workers' compensation proceeding, the decision of the Workers' Compensation Appeals Board was not binding upon the Board. (**Id**., at p. 785.) The court reasoned that the doctrine of collateral estoppel was inapplicable because the doctrine's

2

"requirement of identity of parties has not been met." (*Id*., at p. 789; see also *Traub v. Board of Retirement* (1983) 34 Cal.3d 793, 798 ["A county retirement board . . . does not act as agent for the county, but as administrator of the county retirement system, an independent entity established pursuant to the County Employees Retirement Law of 1937"].)

In October 2011, before the court ruled on County's demurrer, appellant filed a first amended petition naming both County and Association as defendants and respondents. Association demurred on the ground that the petition was barred by section 1094.6, subdivision (b), which provides that a petition for a writ of administrative mandate must be filed "not later than the 90th day following the date on which the decision [of the local agency] becomes final." Association noted that it had not been named as a party until months after the expiration of the 90-day filing deadline on May 9, 2011.[2]

---

[2] "[U]nder the Code of Civil Procedure, a complaint may not be amended to add a new defendant after the statute of limitations has run. [Citations.] The only exception to this rule is when the original complaint states a cause of action against a Doe defendant and the plaintiff is unaware of the true identity of that party at the inception of the suit. Upon ascertaining the true name of the Doe defendant, the plaintiff may amend the complaint even after the expiration of the statute of limitations. [Citations.]" (*McGee Street Productions v. Workers' Comp. Appeals Bd.* (2003) 108 Cal.App.4th 717, 724 -725, fn. omitted.) For the first time in his reply brief, appellant contends that Association was properly substituted for a fictitious Doe defendant named in the original complaint. "[Appellant] offers no explanation why [this] contention[] [was] not presented earlier in [his] opening brief. Because arguments raised for the first time in the reply brief are considered untimely and may be disregarded by the reviewing court [citation], we deem [the] contention[] forfeited. [Citations.]" (*Peninsula Guardians, Inc. v. Peninsula Health Care Dist.* (2008) 168 Cal.App.4th 75, 86, fn. 6; see also *SCI Cal. Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 573, fn. 18.) In any event, appellant was aware of Association's true identity when he filed the original complaint. The complaint was served on Association the same day that it was filed. In the trial court appellant's counsel declared under penalty of perjury: "[Association] was not named in the original complaint filed in the matter as a result of my inadvertence. This was based on the pleading being rushed to be finalized to be filed pursuant to statute

To the extent that appellant sought a writ of administrate mandate pursuant to section 1094.5, the trial court sustained Association's demurrer without leave to amend.  To the extent that appellant sought a traditional writ of mandate pursuant to section 1085, the court sustained the demurrer with leave to amend.

Appellant filed a second amended petition for a traditional writ of mandate.  County demurred on the ground that appellant had "improperly brought this action as a writ of mandate under . . . Section 1085 whereas this matter is subject to administrative mandamus under . . . Section 1094.5."  Association demurred on the same ground.  The trial court sustained the demurrers with leave to amend.  Respondents demurred to appellant's third amended petition, and this time the trial court sustained the demurrers without leave to amend.

*Standard of Review*

" 'The function of a demurrer is to test the sufficiency of [a pleading] as a matter of law,' and 'we apply [the] de novo standard of review [in an] appeal' following the sustaining of a demurrer without leave to amend.  [Citation.] . . . 'We assume the truth of the allegations in the complaint, but do not assume the truth of contentions, deductions, or conclusions of law.'  '[T]he trial court [errs in] sustain[ing] a demurrer if the plaintiff has stated a cause of action under any possible legal theory, and it is an abuse of discretion for the court to sustain a demurrer without leave to amend if the plaintiff has shown there is a reasonable possibility a defect can be cured by amendment.'  [Citation.]"  (*Thrifty Payless, Inc. v. Americana at Brand, LLC* (2013) 218 Cal.App.4th 1230, 1238, brackets in original.)

*Appellant's Petition for a Writ of Administrative*

---

because of concerns of my client, [appellant].  To disclose any other specifics would be violative of the attorney client relationship with [appellant]."

*Mandate Was Barred by the Statute of Limitations*

Because Association prepared the administrative record, appellant contends that his petition for a writ of administrative mandate (§ 1094.5) was not barred by the 90-day statute of limitations of section 1094.6, subdivision (b). The original petition requested that County "prepare the administrative record." Although the original petition did not name Association as a party, it was served on Association the same day that it was filed: May 9, 2011. The first amended petition, filed on October 7, 2011, requested that County and Association "prepare the administrative record." On November 21, 2011, Association certified the record. Appellant argues that, by preparing the administrative record, Association " 'waived any irregularities' in the matter." Thus, "the preparation of the record . . . should be considered a general appearance by [Association]." Appellant maintains that Association's "preparation of the administrative record . . . showed it considered itself to be a party to the action and that it was acting accordingly."

In support of his position, appellant cites *Fireman's Fund Insurance Company v. Sparks Construction* (2004) 114 Cal.App.4th 1135. There, the court concluded that "the action was commenced against [unnamed defendants], for purposes of the statute of limitations, not later than when they filed their answers" and thereby made "a general appearance." (*Id*., at p. 1140.) " 'An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections. [Citations.]' [Citation.] Filing an answer on the merits constitutes a general appearance. [Citations.]" (*Id*., at p. 1145.)

*Fireman's Fund* is of no assistance to appellant. Association did not make a general appearance before the statute of limitations expired on May 9, 2011. Association's preparation of the administrative record was not equivalent to the filing of an answer, the contesting of the merits of the case, or the raising of other than jurisdictional objections. Moreover, Association prepared the Administrative Record after the 90-day statutory period had expired.

5

*Sierra Club v. Napa County Bd. Of Supervisors* (2012) 205 Cal.App.4th 162, is distinguishable. Pursuant to Public Resources Code section 21167, Sierra Club filed a petition for a writ of mandate challenging a Napa County ordinance. At Sierra Club's request, the county stipulated to a court order extending Sierra Club's time to prepare the administrative record. The county later demurred on the ground that Sierra Club had "failed to effect summons within 90 days of the decision, as required by [Government Code] section 66499.37." (*Id*., at p. 170.) The appellate court concluded that the county's stipulation "constituted a general appearance and waived all irregularities." (*Id*., at p. 172.) The "general appearance" was "equivalent to personal service of the summons on a party. [Citation.]" (*Id*., at p. 171.)

Unlike the instant original petition, which failed to name Association as a party, Sierra Club's timely-filed petition named Napa County as a party. When Napa County stipulated to an extension of time for preparing the administrative record, it impliedly acknowledged that it had been properly served. A statute authorized such an extension " 'only upon the stipulation of all parties *who have been properly served* in the action or proceeding or upon order of the court.' [Citation.]" (*Sierra Club v. Napa County Bd. Of Supervisors*, *supra*, 205 Cal.App.4th at p. 171, italics added.) Association, on the other hand, did not stipulate to anything. It merely prepared the administrative record as it was required to do. Section 1094.6, subdivision (c) provides: "The complete record of the proceedings shall be prepared by the local agency or its commission, board, officer, or agent which made the decision and shall be delivered to the petitioner within 190 days after he has filed a written request therefor." Accordingly, the trial court did not err in ruling that the 90-day statute of limitations (§ 1094.6, subd. (b)) barred appellant's petition for a writ of administrative mandate.

*Appellant Was Not Entitled to Petition for a Traditional Writ of Mandate*

Appellant argues that the trial court erroneously concluded that he was required to petition for a writ of administrative mandate (§ 1094.5) and that a traditional writ of mandate (§ 1085) was unavailable. The trial court's decision is supported by *Tielsch v.*

6

*City of Anaheim* (1984) 160 Cal.App.3d 570. There, the Anaheim police chief, Tielsch, applied to the Public Employees' Retirement System for a disability retirement. After he applied, the city transferred him to a new position. The city manager appointed a hearing officer to take evidence and make recommendations on Tielsch's application for a disability retirement. The hearing officer recommended that Tielsch's application be denied, and the city manager adopted his recommendation. Tielsch filed a petition for a traditional writ of mandate (§ 1085.) The trial court denied the petition because Tielsch had "proceeded under the wrong section to obtain judicial intervention, section 1085, as opposed to section 1094.5." (*Id.*, at p. 573.)

The appellate court upheld the trial court's denial of Tielsch's petition for a traditional writ of mandate. The appellate court reasoned: "Whether a petitioner must proceed under Code of Civil Procedure section 1094.5 to obtain judicial review of a local agency's action, or is entitled to petition under section 1085 depends on the type of action undertaken by the local agency: 'Generally speaking, a legislative action is the formulation of a rule to be applied to all future cases, while an adjudicatory act involves the actual application of such a rule to a specific set of existing facts. [Citations.]' [Citation.] The former may be reviewed by ordinary mandate (§ 1085), but '[t]he adjudicatory nature of the [local agency's] action *requires* that judicial review proceed pursuant to . . . section 1094.5.' [Citation.] The city's decision to reassign Tielsch and deny his application for disability retirement affected his employment and was clearly adjudicatory. Thus, Tielsch was required to petition for relief under section 1094.5, not section 1085. [Citation.]" (*Tielsch v. City of Anaheim*, *supra*, 160 Cal.App.3d at p. 574; see also *Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 45 [citing *Tielsch*, court concluded that retirement board's determination "whether a member is permanently incapacitated for duty [citation] and whether the disability is service-connected [citation] . . . is an adjudicatory function"].)

Appellant does not mention *Tielsch*. He asserts that he was entitled to proceed under section 1085 because Association failed to perform certain ministerial duties. "A traditional writ of mandate brought under Code of Civil Procedure section 1085 . . . 'seeks to enforce a mandatory and ministerial duty to act on the part of an administrative agency or its officers. [Appellant] therefore had to show: (1) a clear, present, and usually ministerial duty to act; and (2) that [he] had a clear, present and beneficial right to have that duty performed. Mandate will not issue if the duty is not plain or is mixed with discretionary power or the exercise of judgment.' [Citation.]" (*H.N. and Frances C. Berger Foundation v. Perez* (2013) 218 Cal.App.4th 37, 46.)

Appellant contends that Association did not perform three ministerial duties. First, it "failed in it's [*sic*] ministerial duty to give [him] 15 days notice of the appointment of Mr. Anthony as the new hearing officer." Instead, it gave him 10 days notice. Second, Association failed to place in appellant's file, for review by Anthony, a "Notice of Award" for disability from the United States Social Security Administration. Third, Association failed to comply with the ruling of James Crary, the previous hearing officer, refusing to permit Dr. Kalechstein to participate in appellant's case. Association included a letter from Dr. Kalechstein in the record reviewed by Anthony. Dr. Kalechstein "concluded that [appellant] was a malingerer."

We need not consider the merits of appellant's contention that Association failed to perform the above duties. The alleged duties concern the conduct of the administrative hearing. Therefore, the remedy was a petition for a writ of administrative mandate pursuant to section 1094.5, not a petition for a traditional writ of mandate pursuant to section 1085. " 'Where a petition challenges an agency's failure to perform an act required by law rather than the *conduct* or result of an administrative hearing, the remedy is by ordinary mandate pursuant to Code of Civil Procedure section 1085, not by administrative mandate pursuant to section 1094.5. [Citation.]' [Citation.]" (*In re C.F.* (2011) 198 Cal.App.4th 454, 465, italics added; accord, *Conlan v. Bonta* (2002) 102 Cal.App.4th 745, 752.) But where, as here, a

8

petition challenges the conduct of an administrative hearing, the remedy is a petition for a writ of administrative mandate: "Appellant is not challenging the *conduct* or result of the administrative hearing held by the hearing officer and subsequent adoption of the resulting decision by the school board.  If she were, administrative mandamus (Code Civ.Proc., § 1094.5) would indeed be the appropriate review vehicle. [Citations.]"  (*Wellbaum v. Oakdale Joint Union High School Dist.* (1977) 70 Cal.App.3d 93, 96, italics added.)

Thus, appellant was required to petition for a writ of administrative mandate pursuant to section 1094.5.  Since this petition was barred by the statute of limitations of section 1094.6, subdivision (b), the trial court properly sustained respondents' demurrer without leave to amend.

*Disposition*

The judgment is affirmed.  Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

9

Frederick Bysshe, Judge

Superior Court County of Ventura

_____

Maury Mills, for Appellant.

Robert Kimball & Jaltorossian; Stephen D.Roberson, for County of Ventura/Risk Management, Respondent.

Leroy Smith, County Counsel, County of Ventura and Lori A. Nemiroff, Assistant County Counsel, for Ventura County Employees' Retirement Association, Respondent.